J-S38026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY KEITH LEHMAN | |
| Appellant | No. 1790 MDA 2014 |

Appeal from the PCRA Order entered September 15, 2014
In the Court of Common Pleas of the 41st Judicial District,
Perry County Branch
Criminal Division at No: CP-50-CR-0000451-2012

BEFORE: WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 08, 2015**

Appellant, Gary Keith Lehman, appeals from an order denying relief under the PCRA.[1] He claims the PCRA court erred in rejecting his claims of ineffective assistance of trial counsel. We affirm, albeit for different reasons than the PCRA court.

In 2011, Appellant, then 21 years old, lived in Newport, Perry County. Appellant's 14-year-old-neighbor, S.A., alleged that he raped her three times during July and August of that year. The incidents occurred inside of S.A.'s house during the day, when her mother was not home. About a year later, in July 2012, S.A. reported the sexual assaults to the Pennsylvania

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

State Police. Police charged Appellant with three counts each of rape by forcible compulsion, statutory sexual assault, aggravated indecent assault, and indecent assault.[2] The aggravated indecent assault and indecent assault charges were age-based, *i.e.*, they did not require proof of force or lack of consent. At trial, Appellant denied having any sexual contact with S.A. The jury acquitted Appellant of rape and convicted him of all other counts. On August 2, 2013, Appellant was sentenced to an aggregate of 42 to 84 months in prison. He filed a direct appeal, but discontinued it in this Court on November 6, 2013.

On January 31, 2014, Appellant filed a timely first PCRA petition raising three claims of ineffective assistance of counsel (IAC). He contended trial counsel was ineffective for failing to request the trial court to instruct the jury on lack of a prompt complaint by S.A. He also contended trial counsel was ineffective for failing to cross-examine the victim about her purported fear of men and discrepancies between her testimony on direct examination and prior testimony. Following a hearing at which trial counsel and Appellant testified, the PCRA court denied post-conviction relief, and this appeal followed. Appellant filed a concise statement as ordered. The PCRA court issued a Pa.R.A.P. 1925(a) opinion, but cited no authority in support of its reasons for denying relief.

---

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3122.1(a), 3125(a)(8), and 3126(a)(8), respectively.

Appellant raises four assignments of error:

1. W[h]ether the [Appellant] proved by a preponderance of the evidence that trial counsel unreasonably failed to request a [p]rompt [c]omplaint jury instruction, and thus severely prejudiced his defense in this matter to the point that no reliable adjudication [of guilt] could take place.

2. Whether the PCRA court's conclusion that [Appellant] did not prove that he was prejudiced by trial counsel's failure to request a [p]rompt [c]omplaint jury instruction is erroneous and not supported by the evidence of record.

3. Whether the [Appellant] proved by a preponderance of the evidence that trial counsel unreasonably failed to impeach the victim's testimony that she is "terrified" of men with available witness testimony, and thus severely prejudiced his defense in this matter to the point that no reliable adjudication [of guilt] could take place.

4. Whether the PCRA court's conclusion that the defendant was not prejudiced by trial counsel's failure to impeach the victim with available evidence is erroneous and not supported by evidence of record.

Appellant's Brief at 3 (some quotation marks omitted). Appellant's four questions presented do not correspond with the three-part argument section of his brief. *Cf.* Pa.R.A.P. 2119(a). We read Appellant's Brief as presenting three issues for review: (1) IAC for failure to request a prompt complaint instruction; (2) IAC for failing to impeach effectively S.A.; and (3) cumulative prejudice from trial counsel's combined IAC.

"In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super.

2015) (*en banc*) (internal quotation omitted). We apply a mixed standard of review, deferring to the PCRA court's factual findings and credibility determinations, but reviewing *de novo* its legal conclusions. **Id.** Additionally, we may affirm the PCRA court on any basis supported by the record. **Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014).

The PCRA allows relief for a petitioner who pleads and proves by a preponderance of the evidence IAC "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." **Reyes-Rodriguez**, 111 A.3d at 779-80.

> To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. A petitioner must prove all three factors of the "**Pierce**[3] test," or the claim fails.

**Id.** at 780 (internal citations omitted). **Pierce** "reiterates the preexisting three-prong test for ineffective assistance of counsel in Pennsylvania and holds it to be consistent with the two-prong performance and prejudice test provided by the United States Supreme Court in **Strickland v.**

---

[3] **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

*Washington*, 466 U.S. 668 (1984)." ***Commonwealth v. Eichinger***, 108 A.3d 821, 831 (Pa. 2014) (citing ***Pierce***, at 527 A.2d at 976–77) (parallel citations omitted).

To establish prejudice, a PCRA petitioner "must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." ***Commonwealth v. Watkins***, 108 A.3d 692, 702 (Pa. 2014). In other words, the petitioner must show "that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" ***Commonwealth v. Gribble***, 863 A.2d 455, 472 (Pa. 2004) (quoting ***Pierce***, 527 A.2d at 977); ***accord Strickland***, 466 U.S. at 692 ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). As our Supreme Court has cautioned, prejudice under the PCRA is more exacting than a harmless error analysis on direct appeal, in which the Commonwealth must show the trial court error was harmless beyond a reasonable doubt. ***Commonwealth v. Spotz***, 84 A.3d 294, 315 (Pa. 2014).

In his first argument, Appellant contends the PCRA court erred in rejecting his IAC claim regarding trial counsel's failure to request a prompt complaint instruction. The Commonwealth concedes that Appellant's claim has arguable merit, and no reasonable basis exists for trial counsel's failure to request a prompt complaint instruction. It contends, however, that

Appellant did not prove prejudice. The PCRA court rejected the claim for the same reason:

> Atlhough [t]rial [c]ounsel could not remember a specific reason for not requesting the [p]rompt [c]omplaint instruction, and therefore she could not voice a reasonable basis for that admission, the [c]ourt does not find that the failure to have the instruction given to the jury resulted in a different outcome than what would have been reached if it had been given, has arguable merit [sic]. When reviewing the verdict reached by the jury, it is apparent that the victim's credibility was questioned and taken into consideration by the jury. The [Appellant] was acquitted on charges of rape, which were the only charges that included an element of force. The jury found the [Appellant] guilty of those charges which were based on [sexual] contact alone, not force. The [v]ictim testified that she was forced to have sexual contact with the [Appellant], which it appears the jury did not believe.

PCRA Court Rule 1925(a) Opinion, at 2 (un-paginated). Although we disapprove of the underlying reasoning, we agree with the PCRA court's conclusion. Appellant's IAC claim fails, because he did not prove prejudice.

A prompt complaint instruction charges the jury that it may consider a delay in reporting a sexual assault to evaluate the victim's credibility, and to assess whether the victim consented or whether the assault occurred at all. *See Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013). The suggested standard prompt complaint instruction is as follows:

1. Before you may find the defendant guilty of the crime charged in this case, you must be convinced beyond a reasonable doubt that the act charged did in fact occur and that it occurred without [name of victim's] consent.

2. The evidence of [name of victim's] [failure to complain] [delay in making a complaint] does not necessarily make [his] [her] testimony unreliable, but may remove from it the assurance of reliability accompanying the prompt complaint or

- 6 -

outcry that the victim of a crime such as this would ordinarily be expected to make. Therefore, the [failure to complain] [delay in making a complaint] should be considered in evaluating [his] [her] testimony and in deciding whether the act occurred [at all] [with or without [his] [her] consent].

3. You must not consider [name of victim's] [failure to make] [delay in making] a complaint as conclusive evidence that the act did not occur or that it did occur but with [his] [her] consent. [name of victim's] failure to complain [at all] [promptly] [and the nature of any explanation for that failure] are factors bearing on the believability of [his] [her] testimony and must be considered by you in light of all the evidence in the case.

Pa. Sugg. Stand. Jury Instr. (Crim.) 4.13A (2d ed. rev. 2012). As noted, the Commonwealth concedes the merit of a prompt complaint instruction. Moreover, trial counsel essentially conceded that a prompt complaint instruction would have been beneficial, and she did not give a reason for not requesting one. *See* N.T. PCRA Hearing, 5/16/15, at 8-11.

The PCRA court found Appellant could not show prejudice because of the jury's acquittal of the forcible rape charges. It reasoned that the jury, even without a prompt complaint instruction, evaluated S.A.'s credibility, and apparently rejected her claim of forcible rape. This partial acquittal, however, actually weighs in favor of prejudice. As Appellant contends, the jury—properly instructed—could have disbelieved also S.A. regarding the disputed elements of the other offenses—whether any sexual intercourse, penetration, or indecent contact occurred between her and Appellant.

We also agree with Appellant that the PCRA court employed the wrong legal standard to evaluate prejudice. In rejecting Appellant's claim, the PCRA court ruled he could not show a different outcome, *i.e.*, acquittal,

**would have resulted** if trial counsel requested, and the trial court gave, a prompt complaint instruction. **See** PCRA Court Rule 1925(a) Opinion, at 2 (un-paginated). Under the correct standard, a PCRA petitioner must show a **reasonable probability** that the result would have been different. **See Watkins**, 108 A.3d at 702. Nevertheless, our analysis of Appellant's first issue does not end here.

We hold that Appellant cannot show prejudice. Appellant still was able to cross-examine S.A. on her failure to promptly report the assaults. He argued to the jury that S.A. was not credible, and the trial court gave a general instruction on how to evaluate witnesses' credibility. Further, the trial court did not preclude cross-examination of S.A., or argument on, the lack of a prompt complaint. The record shows that trial counsel questioned S.A. regarding her failure to tell her mother, a friend, or police immediately or soon after each assault. **See** N.T. Trial, 4/22/13, at 41-42, 47, 50-52. Trial counsel also argued to the jury that it should reject S.A.'s testimony because, *inter alia*, she delayed in reporting the assaults. **See id.** at 89-90.

We acknowledge Appellant's argument that the jury could have found the victim credible despite impeachment on cross-examination and it could have disregarded trial counsel's closing argument, whereas it was required to follow jury instructions. Appellant, however, overlooks the trial court's general charge on credibility. **See** N.T. Trial, 4/22/13, at 106-07. Thus, the jury was instructed on how to evaluate S.A.'s testimony, **and** trial counsel told the jury not to believe her because she waited almost a year to report

the sexual assaults. We have held, albeit in the context of harmless error on direct appeal, that a general charge on credibility alleviates any prejudice caused by the lack of a prompt complaint instruction. *See Sandusky*, 77 A.3d at 668-69. *Sandusky* supports our decision here. We find that the trial court's instruction, as a whole, prevents Appellant from carrying his burden on prejudice.

The PCRA provides a remedy only where IAC "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The PCRA's standard flows from the general principal that the United States Constitution entitles a defendant to a fair trial, not a perfect one. *See Commonwealth v. Robinson*, 877 A.2d 433, 443 (Pa. 2005); *accord Ross v. Oklahoma*, 487 U.S. 81, 91 (1988). Appellant cannot meet that standard here. Consequently, we determine that he is not entitled to relief on his first IAC claim.

In his second argument, Appellant contends trial counsel was ineffective for failing to rebut S.A.'s testimony that she was "terrified of guys" with evidence that S.A. was kissing a teenage boy outside of the courtroom during a recess at trial. At trial, S.A. testified about the effects of the sexual assaults on her as follows:

Q. Did this have any kind of long-term effects on you?

A. Yes.

Q. What effects did it have?

A. I've been diagnosed with PTSD. I have nightmares. I have flashbacks. I'm on medication because of this. I am afraid all the time. I'm terrified to sleep with my door open. I'm terrified of doors opening without me knowing. I'm terrified of guys. I'm terrified all the time.

N.T. Trial, 4/22/13, at 32-33.

At the PCRA hearing, Appellant, his fiancée, Appellant's mother, and his fiancée's mother testified that they saw S.A. holding hands with, and kissing and groping, a teenage boy outside of the courthouse during a recess in Appellant's trial. *See* N.T. PCRA Hearing, 5/16/14, at 31-32, 45-46, 53-54, 60-61. When these witnesses tried to bring this incident to trial counsel's attention, trial counsel said that she could not use it to impeach S.A. *Id.*

The PCRA court addressed the claim as follows:

The charges of which the [Appellant] was convicted all contained an age element. Consent or non-consent was not an issue before the jury for those charges. Whether or not the [v]ictim is [sic] "terrified of guys" is irrelevant[,] as the [v]ictim's age at the time of the assaults, i.e.[,] 14, was the relevant factor. [Appellant] was acquitted of the rape charge[s], which did contain an element of force. The [v]ictim could have consented to the sexual activities[,] and the resulting verdicts could still have been reached.

The [c]ourt finds that there was no prejudice to the [Appellant] by [t]rial [c]ounsel failing to use the [v]ictim's actions during trial in an attempt to impeach her credibility. That omission did not have an adverse effect on the outcome of the trial for the reasons stated above.

PCRA Court Opinion, 9/15/14, at 3 (un-paginated).

- 10 -

We disagree with the PCRA court's analysis. Again, to prove prejudice, Appellant was not required to show an actual adverse effect by trial counsel's deficient performance. Rather, he needed to show a reasonable probability that trial counsel's failure to use available cross-examination material affected the outcome. *See Watkins*, 108 A.3d at 702.

It is also true that S.A.'s purported fear of men was not an element of the age-based sex crimes of which the jury convicted Appellant. Fear of men is not a material element of any sex crime, including the forcible-rape charges of which the jury acquitted Appellant. Appellant does not argue that trial counsel should have introduced the evidence to negate proof of the crimes. Rather, he contends trial counsel should have used it to impeach S.A. by testing her credibility. Without expressing an opinion as to prejudice, we conclude that this issue lacks arguable merit.

A witness cannot be contradicted on a collateral matter. *See Commonwealth v. Holder*, 815 A.2d 1115, 1119 (Pa. Super. 2003). As our Supreme Court long ago explained,

> There seems to be considerable misunderstanding of the rules of evidence relating to the **contradiction of witnesses**. No witness can be contradicted **on everything he testifies to** in order to 'test his credibility'. The pivotal issues in a trial cannot be 'side-tracked' for the determination of whether or not a witness lied in making a statement about something **which has no relationship to the case on trial**. The purpose of trials is not to determine the ratings of witnesses for general veracity. A witness can be contradicted only on matters germane to the issue trying. There is no rule more firmly established than this: 'No contradiction shall be permitted on collateral matters.'

- 11 -

*Commonwealth v. Petrillo*, 19 A.2d 288, 295 (Pa. 1941) (emphases in original); *see also Commonwealth v. Johnson*, 638 A.2d 940, 943 (Pa. 1994) ("A collateral matter is one which has no relationship to the matter on trial.").

Here, Appellant's proposed evidence could have discredited S.A.'s statement that she is "terrified of guys" because of Appellant's assaults. S.A.'s purported fear of men, however, was collateral to the material issues before the jury: whether Appellant forcibly raped S.A., and whether he had sexual intercourse or sexual contact with her.

The only permissible use of Appellant's proposed testimony was impeachment. In context, the collateral nature of this evidence is apparent. S.A. made the statement in response to a question about the effects of the sexual assaults, *see* N.T. Trial, 4/22/11, at 32-33, not regarding whether sexual contact between her and Appellant occurred, or whether he forcibly raped her.

Appellant's proposed evidence was collateral, and the evidence therefore should have been excluded at trial. Because trial counsel cannot be found ineffective for failing to advance a meritless argument, Appellant's second IAC claim fails.

Finally, Appellant argues that he suffered cumulative prejudice from trial counsel's combined errors. In a cumulative prejudice claim, a PCRA petitioner accumulates multiple claims of arguable merit that do not individually meet the standard for prejudice. *See Commonwealth v.*

***Rivera***, 108 A.3d 779, 818 (Pa. 2014). We do not reach the merits of this claim.

First, Appellant did not plead a cumulative-prejudice claim in his counseled PCRA petition, *i.e.*, he never raised the claim before the PCRA court. Failing to do so bars appellate review, because a litigant cannot raise a claim for the first time on appeal. Pa.R.A.P. 302(a); ***see also Commonwealth v. Johnson***, 33 A.3d 122, 126 (Pa. Super. 2011). Second, Appellant did not include a cumulative prejudice argument in his concise statement of errors complained of on appeal. Issues not included in a concise statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii). Third, Appellant did not include a cumulative prejudice argument in his statement of questions involved. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). For these reasons, we cannot address the merits of Appellant's final argument.

In sum, Appellant did not show that trial counsel's failure to request a prompt complaint instruction prejudiced him. His ineffectiveness claim regarding cross-examination of the victim has no arguable merit. His cumulative prejudice claim is waived. Therefore, we affirm the PCRA court's order denying relief, though on different grounds.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015