638 A.2d 940

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1992.

Decided March 7, 1994.

John Packel, Chief, Appeals Div. and Peter Rosalsky, Asst. Defender, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., and Deborah Fleisher, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice: *

The question presented to the Court is whether the Rape Shield Law [1] bars admission of evidence that a rape victim had previously been a victim in another nonconsensual sexual assault. Although we find that the Rape Shield law does not prohibit the admission of evidence regarding a prior sexual assault suffered by the victim, we further find, for the reasons that follow, that the evidence in this case was inadmissible on other grounds.

The testimony in the instant case revealed the following essential facts. The victim, Nicole S., was ten years of age at the time of the assault at issue. Nicole testified that on March 22, 1987 she encountered the appellant while on her way from her home to the home of her friend, Tovana. The appellant, who was nineteen years of age at the time, was well known to her, as he is Tovana's uncle and resided at Tovana's home. Appellant suggested to Nicole that she should play in the park. Nicole, who is considered to be somewhat mentally impaired, did as appellant suggested and proceeded to the park. After arriving at the park Nicole observed appellant standing at the bus stop across the street from the park. However, when the bus arrived appellant did not get on board. Instead appellant entered the park and convinced Nicole to accompany him to a secluded location in the park where they would be hidden behind the bushes. Nicole testified that when they were in this secluded spot, she was sexually assaulted by appellant.

While the assault was occurring, a neighborhood boy, Hameen, who was twelve years old at the time, interrupted the assault. Hameen testified that appellant was on top of Nicole with his pants down. Hameen slapped Nicole on the back of the head and threatened to tell her mother. Nicole began crying and Hameen and appellant argued. All three then left the park.

* Reassigned to this author.

1. 18 Pa.C.S. § 3104.

Nicole went to Tovana's house to play. Hameen told another boy what he had seen occur between Nicole and appellant. That child in turn told Nicole's mother. Nicole's mother immediately confronted Nicole. Nicole readily admitted that appellant had assaulted her in the park. Nicole's mother called the police and took Nicole to the hospital. A physical examination of Nicole was promptly conducted and signs of vaginal trauma were observed; however, no sperm was discovered.

On cross-examination Nicole was asked if Hameen had ever hit her before the day in question. Nicole said yes, and in fact responded affirmatively when asked if Hameen was a bully. Nicole admitted she was somewhat afraid of Hameen. However, when asked if Hameen had ever pulled her into an alley and tried to "mess with her," she denied that anything like that ever occurred.

Hameen then testified, consistent with the testimony of Nicole, with the exception that he denied ever hitting Nicole. Hameen further denied ever touching or attempting to touch Nicole in a sexually aggressive manner.

The appellant testified in his own behalf. He stated that on the day in question, while he was exercising in the park he observed Nicole crying. Appellant questioned Nicole and she told appellant that Hameen was bothering her. Appellant yelled at Hameen for picking on Nicole. Appellant then caught the trolley across the street from the park, leaving the area. He denied assaulting Nicole.

Appellant sought to introduce the testimony of his niece Tovana, who was eight years old at the time of the assault. In response to the Commonwealth's request for an offer of proof, the defense stated that Tovana would testify as to Nicole's appearance on the day of the alleged assault. However, once on the stand, Tovana was asked if Nicole had ever told her that Hameen had pulled Nicole into the alley and tried to "mess with her." The Commonwealth immediately objected and an in camera hearing was conducted to determine the admissibility of Tovana's testimony.

Tovana's proffered testimony was that when Nicole was six or seven years old (Nicole was ten at the time of the alleged assault at issue), Nicole told Tovana that Hameen had pulled her into the alley and touched her in a place she did not like, and it hurt. Appellant sought introduction of this testimony on the theory that Nicole was casting blame for the assault on him at the instigation of Hameen, whom she feared. By implication, appellant also wanted to argue that it was Hameen who had sexually assaulted Nicole, not appellant. The introduction of Tovana's testimony would bolster the appellant's theory and impeach the credibility of Nicole and Hameen. It is the admissibility of that testimony which is now at issue.

The trial court ruled the testimony inadmissible under the Rape Shield Law.[2] The jury found appellant guilty of rape, indecent assault and corrupting the morals of a minor. Appellant was sentenced to five to ten years mandatory incarceration on the rape charge; no sentence was imposed on the remaining counts.

On appeal to the Superior Court, the issue of admissibility of a victim's prior victimization under the Rape Shield Law, was certified for argument before the Court en banc. The Superior Court affirmed the ruling of the trial court, as it also found the testimony barred by the Rape Shield Law. 389 Pa.Super. 184, 566 A.2d 1197. One Judge concurred in the result as to inadmissibility, but did not agree that the testimony was barred by the Rape Shield Law. Another Judge dissented. This Court then granted the appellant's Petition for Allowance of Appeal.

▮▮▮ The admissibility of evidence is a matter solely within the discretion of the trial court. This Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs. *Commonwealth v. Foy*, 531 Pa. 322, 612 A.2d 1349 (1992). Our inquiry begins with an examination of the pertinent section of the Rape Shield Law, which provides:

**2.** The Commonwealth objected to the testimony of Tovana on the basis that it was irrelevant to the issue at trial, it was inadmissible hearsay, and it was barred by the Rape Shield Law.

## § 3104. Evidence of victim's sexual conduct

(a) **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

█ The purpose of the Rape Shield Law is to prevent a sexual assault trial from denigrating into an attack upon the victim's reputation for chastity. *See, Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983). In the instant case, the testimony proffered through Tovana did not concern the past sexual conduct of Nicole. Evidence that Nicole had been subject to a previous sexual assault would not reflect upon Nicole's reputation for chastity. To be a victim is not "conduct" of the person victimized. It would be illogical to conclude that the Rape Shield Law intended to prohibit this type of testimony.

█ However, that determination does not end our inquiry. Even though the Rape Shield Law did not bar Tovana's testimony, that testimony does not automatically become admissible. The question then becomes whether the testimony is relevant and material under the traditional rules of evidence. As this Court stated in *Commonwealth v. Haight*, 514 Pa. 438, 440, 525 A.2d 1199, 1200 (1987):

Evidence is relevant when 'the inference sought to be raised by the evidence bears upon a matter in issue in the case and, second, whether the evidence renders the desired inference more probable than it would be without the evidence.' *Commonwealth v. Stewart*, 461 Pa. 274, 278, 336 A.2d 282, 284 (1975) (citations omitted).

Thus, the question becomes, whether the testimony of Tovana as to what Nicole may have said three or four years before the incident at trial is relevant on any material fact in issue?

■ Clearly, whether or not Hameen pulled Nicole into an alley and "messed with her" when she was six or seven and he was eight or nine, is immaterial to whether or not, on March 22, 1987—three or four years later—appellant dragged Nicole behind the bushes in the park and raped her. Appellant argues that the testimony is material as it concerns the credibility of both Nicole and Hameen. However, a witness may not be contradicted upon a collateral matter. *Commonwealth v. Fisher*, 447 Pa. 405, 290 A.2d 262 (1972). A collateral matter is one which has no relationship to the matter on trial. *Commonwealth v. Petrillo*, 341 Pa. 209, 19 A.2d 288 (1941). The proffered testimony does not bear upon a matter in issue in this case.

■ Nor does this proffered testimony render the inference to be drawn from it more probable than not. The testimony is classic hearsay. In order for this testimony to raise a reliable inference it would have to meet one of the exceptions to the hearsay rule. Appellant asserts that the testimony should be admitted as a prior inconsistent statement. To be admissible a prior inconsistent statement must have been uttered under highly reliable circumstances which would render the inferences to be drawn from it more probable than not. *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7 (1992); *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986).

Tovana's testimony carries no indicia of reliability. The statement at issue was allegedly made by an six-year-old to a four-year-old. The declarant denies ever making the statement. Tovana has no recollection of when or under what circumstances the statement was made. Tovana cannot recall what day of the week, what month, or even what season of the year it was when the statement was allegedly uttered. The matter is further complicated by the fact that Tovana is the niece of the appellant and was prohibited from playing with Nicole after the assault. These factors further mitigate against the reliability of this classic hearsay statement.

Accordingly, although for other reasons, we find that the trial court did not abuse its discretion in refusing to admit the

testimony of Tovana. Thus, for reasons other than those relied on by the Superior Court, as stated in this opinion, the order of the Superior Court affirming the judgment of sentence is affirmed.[3]

LARSEN and McDERMOTT, JJ., did not participate in the decision of this case.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

3. In his statement of the issue presented appellant asserts that he was further prejudiced by the fact that the prosecutor in his closing argument exploited the exclusion of Tovana's testimony. However, beyond this statement of the issue, appellant offers no facts or argument in support of this allegation. Accordingly, we are compelled to find this issue waived.