682 A.2d 841

COMMONWEALTH of Pennsylvania

v.

**Glenn T. MARCHAND, Appellant.**

Superior Court of Pennsylvania.

Submitted July 22, 1996.

Filed Aug. 30, 1996.

628

Keith E. Kendall, Lewistown, for appellant.

Richard E. Guida, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before BECK, SAYLOR, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

During the summer of 1991, appellant Glenn T. Marchand was the ranking police officer on the two-man Lykens Borough Police Force. Officer George Keifer was the other officer on the force. The borough also utilized the services of two auxiliary police officers, John and Debra Maletich. The Maletichs were close friends with appellant.

In late July of 1991, the Maletichs obtained possession of two borough police jackets. According to Commonwealth witnesses, the jackets were given to the Maletichs by Officer Keifer at appellant's direction and with Lykens Mayor Harry Hand's approval.

Notwithstanding this apparent gift, on September 8, 1991, appellant issued and executed a search warrant to retrieve the two jackets. In the application for the search warrant, appellant claimed that the jackets were stolen, and that a confidential informant had told him that the jackets were about to be sold. While appellant claimed that he obtained the search

warrant because he truly believed that the jackets were stolen, the Commonwealth offered evidence to show that appellant acted in retaliation for a recent sexual assault complaint filed against appellant by Mrs. Maletich.

A jury trial was held in June of 1992, and appellant was found guilty of false swearing and official oppression for swearing out a false search warrant. On appeal, however, this Court granted appellant a new trial due to the admission of improper evidence. A second jury trial was held in September of 1995. The jury again found appellant guilty of false swearing and official oppression. Following sentencing and the denial of post-sentence motions, appellant filed the instant appeal.

Appellant first claims that the evidence was insufficient to support his convictions. Specifically, appellant contends the Commonwealth failed to establish that he **knowingly** made false allegations in swearing out the search warrant in question.[1] We disagree.

"When reviewing a sufficiency of the evidence claim, an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt." *Commonwealth v. Simmons*, 541 Pa. 211, 223, 662 A.2d 621, 627 (1995).

Instantly, the evidence introduced at trial, viewed in the light most favorable to the Commonwealth, establishes that appellant swore out a search warrant to retrieve "stolen" jackets, even though the jackets were not, in fact, stolen. While appellant asserts that he subjectively believed that the jackets were stolen, Commonwealth witness Officer Keifer

---

1. Appellant's convictions for false swearing and official oppression both essentially require a knowing violation of the law. *See* 18 Pa.C.S.A. § 4903 (defining false swearing, in part, as a false statement under oath when the affiant **does not believe the statement to be true**); 18 Pa. C.S.A. § 5301 (defining official oppression, in part, as the act of subjecting another to a search, **knowing such search is illegal**).

testified that the jackets were given to the Maletichs at appellant's express direction. *See* N.T. at 173, 184. Officer Keifer's testimony supports the conclusion that appellant knew that the jackets were not stolen. In light of Keifer's testimony, we find that the evidence was sufficient to support appellant's convictions, and we reject appellant's first claim.

Appellant next argues that he is entitled to a new trial due to a number of evidentiary errors committed by the trial court. First, appellant asserts that the trial court erred in allowing the Commonwealth to refer to prior sexual assault charges against him as prior "uncharged serious misconduct." Appellant's brief at 11–12. While evidence of prior bad acts is generally not admissible at trial, an exception exists where the evidence tends to establish "motive; intent; absence of mistake or accident; a common scheme, plan or design; or the identity of the person charged with the commission of the crime." *Commonwealth v. Schwartz*, 419 Pa.Super. 251, 263, 615 A.2d 350, 356 (1992), *appeal denied*, 535 Pa. 617, 629 A.2d 1379 (1993).

In this case, the trial court allowed the Commonwealth to refer to the prior misconduct because it tended to establish a motive for swearing out the false warrant. As the trial court noted, "the evidence that [appellant] knew the Maletichs made sexual assault allegations against [him] to the State Police suggested why [appellant] would jeopardize his job by executing a false search warrant for two meaningless jackets against the Maletichs who only a week prior were probably his best friends." Trial court opinion, 2/21/96 at 14 (quoting Commonwealth's brief at 8). Since we agree with the trial court that the prior allegations of misconduct tended to establish the key element of motive, we find no error in the admission of the evidence. *See Schwartz, supra.*

Even conceding that this prior misconduct evidence did tend to establish motive, appellant argues that it still should have been excluded because of its overwhelmingly prejudicial impact. While it is true that a court must balance the need for such evidence against the potential for prejudice, we find

no overwhelming prejudice here. The trial court minimized the prejudicial impact of the prior allegations of sexual misconduct by allowing the Commonwealth to refer to the allegations only as prior serious uncharged misconduct. Given the vague nature of the reference, and the need for this important motive testimony in a case about seemingly meaningless jackets, we find no error in the trial court's decision to allow the evidence. *See Schwartz, supra.*

Next, appellant asserts that the trial court erred in refusing to allow impeachment of Officer Keifer with respect to his "mental capacity, condition and memory problems, and his then pending PCRA petition in which he claimed mental incompetence." Appellant's brief at 13. Contrary to appellant's assertions, he was permitted to question Keifer about any potential memory problems. *See* N.T. at 179–180. As for cross-examination of Keifer about his general competence to testify, and his statements in his own PCRA petition claiming incompetency during a guilty plea colloquy on November 17, 1993, appellant has simply not demonstrated, either to the trial court or to this Court, that Keifer's competency was suspect at any period relevant to this case. In the absence of such a demonstration, appellant has no basis upon which to assert that the trial court erred with respect to cross-examination on Keifer's competency.[2]

Appellant also asserts that the trial court erred in refusing to allow defense counsel to cross-examine Keifer about a 1984 resignation letter. The scope of cross-examination is within the sound discretion of the trial court. *See, e.g., Commonwealth v. Brinton,* 275 Pa.Super. 304, 307–09, 418 A.2d 734, 736 (1980). In exercising this discretion, a trial court may properly preclude cross-examination on collateral matters that are unrelated to the issues at trial. *Id. See also*

2. Appellant also claims, in the alternative, that Keifer should not have been allowed to testify at all due to his incompetence. As already discussed, however, appellant has not made any attempt to demonstrate to this Court that Keifer was incompetent at any period relevant to this case. We therefore reject any assertion that the trial court should have disqualified Keifer from testifying.

*Commonwealth v. Checca,* 341 Pa.Super. 480, 494, 491 A.2d 1358, 1365 (1985) ("A witness' credibility cannot be attacked on the basis of prior conduct which is unrelated to the issues at the present trial."). An appellate court will not reverse the trial court's exercise of discretion with respect to the scope of cross-examination in the absence of an abuse of discretion. *E.g., Brinton,* 275 Pa.Super. at 307–09, 418 A.2d at 736.

We find no abuse of discretion in the trial court's decision to preclude cross-examination on the issue of Keifer's 1984 resignation letter. While the letter may have revealed Keifer's hostility toward his boss at the time, former Police Chief Clair Dunkleberger, it revealed absolutely nothing about Keifer's feelings toward appellant. Appellant's bold effort to establish the relevancy of this letter, by asserting that it proved Keifer's hostility toward any and all superior officers, must fail for lack of any supporting evidence. Since the letter would have introduced collateral issues that had no relevancy to the instant trial, we find no error in the trial court's decision to preclude this evidence. *See Checca, supra; Brinton, supra.*

■ Appellant next alleges that the trial court erred in permitting Detective Richard Worley to testify as an expert on search warrants. Appellant first argues that search warrants are a matter of common knowledge, and that expert testimony on the subject is not permissible. As the trial court properly noted, however, "[h]ow police officers apply for search warrants and in what situations is it appropriate or not appropriate to be involved in a search warrant application is specialized knowledge. The average layman has limited knowledge of such matters, and what little knowledge the layman possesses is likely tainted by inaccuracies shown on television and the movies." Trial court opinion, 2/21/96 at 17 (quoting Commonwealth's brief at 11). Since we agree with the trial court that search warrant procedures are not a matter of common knowledge, we reject appellant's claim with respect to the propriety of Worley's testimony.

■ Alternatively, appellant argues that Worley's testimony was inadmissible on grounds of relevancy. In response to

this claim, the trial court wrote that "Detective Worley testified, among other things, about ... whether it is proper for a police officer to apply for a search warrant involving people he knows on a personal level. (N.T. 200–03). This general testimony was relevant since it supported the Commonwealth's theory of the case ... that [appellant] was acting in retaliation against the Maletichs...." Trial court opinion, 2/21/96 at 18. We again find no abuse of discretion in the trial court's finding of relevance, and we reject appellant's argument for a new trial on this basis.

■■■ Appellant's penultimate claim is that the trial court erred in permitting the jury to consider a 1991 memorandum from appellant to Mayor Hand. Appellant argues that the memorandum was irrelevant and prejudicial. We disagree.

In the 1991 memorandum, appellant relates his version of his departure from the Lykens Borough police force, and alleges that he was forced to leave because he uncovered an illegal drug ring involving, *inter alia,* Officer Keifer. Since the memorandum reveals the animosity between appellant and Keifer, and the extent of that animosity bears upon the credibility of both men, the memorandum met the test for relevancy. *See Commonwealth v. Johnson,* 536 Pa. 153, 158, 638 A.2d 940, 942 (1994). Given this relevance, and appellant's failure to develop and support his bald allegations of prejudicial impact, we must conclude that the trial court did not err in admitting the memorandum. *See, e.g., Schwartz,* 419 Pa.Super. at 269, 615 A.2d at 359 ("In determining admissibility, the trial court should decide whether the evidence is relevant and, if so, whether its probative value is outweighed by its prejudicial impact.").

■■■ Finally, appellant asserts the trial court erred in refusing to allow defense counsel to argue that the reversal of appellant's 1991 suspension constituted a vindication of appellant's position. We disagree. Pursuant to a court order dated September 8, 1995, appellant was allowed to present evidence of the suspension reversal. As for presenting evidence that the reversal constituted a vindication of appellant's position,

the trial court properly found that such testimony would be collateral and "would have sidetracked the trial into a debate regarding the Borough Council's motives for reversing the suspension." Trial court opinion, 2/21/96 at 20. We therefore find no error in the trial court's preclusion of the evidence relating to vindication.

Since appellant has failed to establish the merits of his sufficiency and evidentiary claims, we affirm his judgment of sentence.

Affirmed.