J-S18036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN ABEL SANTIAGO | : | |
| | : | |
| Appellant | : | No. 907 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 15, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002180-2016

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: MAY 18, 2020**

Appellant Juan Abel Santiago appeals from the judgment of sentence of life imprisonment entered on September 15, 2017, in the Court of Common Pleas of York County following a jury trial resulting in his murder and robbery convictions.  After careful review, we affirm.

In its Opinion filed pursuant to Pa.R.A.P. 1925(a), the trial court detailed the underlying facts and procedural history herein.  **See** Trial Court Opinion, filed 8/22/19, at 1-8.[1]  Briefly, following a jury trial which commenced on September 11, 2017, and concluded on September 15, 2017, Appellant was convicted of First Degree Murder, Second Degree Murder and Robbery.[2]  The

_____

[*] Former Justice specially assigned to the Superior Court.
[1] Appellant adopts the trial court's statement of the factual and procedural history in his appellate brief.  **See** Brief for Appellant at 13-17.
[2] 18 Pa.C.S.A. §§ 2502(a); 2502(b); and 3701(a)(1)(i), respectively.

convictions arose from an incident that occurred on January 28, 2016, involving Appellant, another male, and Dontay Lowrie ("the Victim").

At the conclusion of trial, the trial court immediately sentenced Appellant to two life sentences without the possibility of parole to be served concurrently on the murder convictions, and it indicated that the Robbery conviction merged for sentencing purposes with the Second Degree Murder conviction. On September 22, 2017, Appellant filed a post-sentence motion. Following a hearing on October 13, 2017, the trial court denied the motion and permitted trial counsel to withdraw after perfecting Appellant's appeal. However, counsel filed an untimely appeal, and this Court quashed the same.

Subsequently, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act[3] wherein he sought the restoration of his direct appeal rights. Appellant's direct appeal rights were reinstated *nunc pro tunc*. New counsel was appointed and filed the instant appeal on June 3, 2019.

In the Statement of Questions Involved section of his appellate brief, Appellant raises thirteen (13) claims for this Court's review that essentially mirror those he listed in his Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925(b) filed on July 22, 2019.[4] Those issues are as follows:

_____

[3] 42 Pa.C.S.A. §§ 9541-9545.

[4] The only claim omitted in Appellant's brief is sub-issue 1(f) from his concise statement which challenged the sufficiency of the evidence to sustain the robbery conviction. As such, he has waived this sub-claim for lack of development. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1218 (Pa.Super.

I. Whether the Commonwealth presented sufficient evidence at trial to sustain the verdicts of guilty on the charges of murder of the first-degree, robbery, and murder of the second-degree as follows:

a. On the charge of first-degree murder, the evidence failed to establish that Defendant himself shot and killed the victim (or was the direct cause of death) where the evidence established only one shooter but two people present;

b. On the charge of first-degree murder, the evidence failed to establish that Defendant had a specific intent to kill or that it was willful, deliberate, and premeditated;

c. On the charge of second-degree murder, the evidence failed to establish that Defendant inflicted serious bodily injury upon the victim or killed him as the injuries sustained were a result of four gunshots from one gun and the Commonwealth did not establish beyond a reasonable doubt which of the two individuals shot the victim;

d. On the charge of second-degree murder, the evidence failed to establish that Defendant killed the victim while committing a robbery in that the Commonwealth failed to produce sufficient evidence that a theft occurred or that Defendant committed the theft; and

e. On the charge of second-degree murder, the Commonwealth failed to prove that there was a theft and, therefore, did not establish that the killing was in furtherance of a theft/robbery.

II. Whether the weight of the evidence is insufficient to sustain the verdicts of guilty on the charges of murder of the first-degree, robbery, and murder of the second-degree as the testimony that there were two shooters is contradicted by the Commonwealth's firearms expert who testified that all four shell casings found at

2011) (issues raised in Pa.R.A.P. 1925 concise statement not developed in appellate brief are abandoned); *see also **Commonwealth v. Woodward***, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to ... develop an issue in any [ ] meaningful fashion capable of review, that claim is waived[ ]").

the crime scene came from the same firearm and the victim was shot four times.

III. Whether the trial court erred in admitting conversations allegedly between Defendant and an inmate at the York County Prison where the probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury?

IV. Whether the trial court erred in admitting conversations allegedly between Defendant and an inmate at the York County Prison where there was no authentication as to Defendant (or his voice) being one of the participants in the conversation?

V. Whether the trial court erred in admitting conversations between Defendant and an inmate at the York County Prison where such recordings are in violation of the Wire Tap Act (and its exceptions) and inapposite to the holding in **Commonwealth vs. Fant**, 146 A.2d 1254 (Pa. 2016)?

VI. Whether the trial court erred in admitting a letter that was not properly authenticated and where the probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury?

VII. Whether the trial court erred in admitting evidence that text messages were sent or received where such records were not properly authenticated and where the probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury?

VIII. Whether the trial court erred in admitting SMS Maps and voice usage maps when the maker of the maps testified that she could not positively identify where the telephone device was located and that the cell towers produced conflicting locations?

IX. Whether the trial court erred in admitting still photographs from the video surveillance which did not fairly and accurately depict the subject in the still photographs?

X. Whether the trial court erred in not allowing the Defendant to testify about his whereabouts on the day of the incident, where such testimony could have raised a reasonable doubt as to the Defendant's location at the time of the incident?

XI. Whether the trial court erred in permitting the testimony of Angelica Lowrie regarding the letter purportedly written by Defendant without proper foundation or authentication and where she had no first-hand knowledge regarding the letter?

XII. Whether the trial court erred in permitting Ms. Greene to identify Defendant as a shooter when she was previously indicated that she did not see the shooter's face and was previously unable to identify Defendant, including through a photographic line-up?

XIII. Whether the trial court erred in instructing the jury on flight and consciousness of guilt as there was insufficient evidence of flight and no instruction was requested?

Brief for Appellant at 8-13.

Appellant's initial arguments challenge the sufficiency of the evidence to sustain his convictions. According to Appellant, the Commonwealth failed to establish that he: actually shot and killed the Victim; had a specific intent to kill the Victim; inflicted serious bodily injury upon the Victim or; killed the Victim in furtherance of a theft/robbery. Brief for Appellant at 22-30.

We review these challenges to the sufficiency of the evidence mindful of our well-established standard of review:

> When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial.
> In conducting this analysis, we do not weigh the evidence and substitute our judgment for that of the fact-finder. Additionally, the Commonwealth's evidence need not preclude every possibility of innocence in order to prove guilt beyond a

reasonable doubt. The fact-finder is free to believe all, part, or none of the evidence.

***Commonwealth v. Knox***, 219 A.3d 186, 195 (Pa.Super. 2019) (internal citations and quotation marks omitted).

After a review of the certified record, the trial transcripts, the briefs of the parties, the applicable law, and the well-reasoned Opinion of the Honorable Maria Musti Cook, we conclude that this issue along with its corresponding sub-issues merits no relief. The trial court set forth the relevant evidence and applicable law and concluded that the Commonwealth presented sufficient evidence to support Appellant's murder convictions. ***See*** Trial Court Opinion, filed 8/22/19, at 12-17. We agree with the sound reasoning of the trial court and adopt its analysis in resolving these claims. ***See id***.

In his second issue, Appellant challenges the weight of the evidence to sustain the murder and robbery convictions highlighting what he terms the "unreliable and tainted identification by Ms. Green and the suspect (and potentially tainted) identification by Detective Ripley."[5] Brief for Appellant at

---

[5] Appellant does not cite to specific portions of the notes of testimony in support of this allegation. The record reveals, *inter alia*, that Detective George Ripley testified he had filed charges against Appellant in connection with an incident on April 3, 2014, at which time the Victim was shot. Appellant pled guilty to the charges, was sentenced to a prison term, and was released on December 29, 2015. Detective Ripley went on to testify regarding surveillance and still photographic evidence from which he identified Appellant running from the scene of the murder in the instant matter. N.T. Trial, Sept. 11-15, 2017, at 316-318-418. Ms. Windy Greene was the Victim's girlfriend, and she testified at length as to what she observed prior to, during, and following the shooting. ***Id***. at 121-250.

32.    In addressing an appellant's weight claim, we apply the following principles:

> As a general rule, the weight of the evidence is exclusively for the fact finder who is free to believe all, part or none of the evidence and to determine the credibility of the witnesses. We cannot substitute our judgment for that of the finder of fact. We may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, our role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion.

***Commonwealth v. Castelhun***, 889 A.2d 1228, 1234 (Pa.Super. 2005) (internal quotation marks and citations omitted).

In generally characterizing Ms. Greene's testimony as contradictory and Detective Riply's as suspect, Appellant ignores the fact that it was within the province of the jury, as the fact-finder, to make credibility determinations upon hearing their statements and observing their demeanor on the witness stand.   Appellant essentially asks this Court to reweigh that testimony and reach a different conclusion, which we cannot do.  ***Castelhun***, ***supra***.   When addressing this claim in its Rule 1925(a) Opinion, the trial court stated that its sense of justice was not shocked by the jury's verdict.  Trial Court Opinion, filed 8/22/19, at 18.  Following our review of the record, we find no abuse of discretion.

Appellant's third, fourth, fifth,[6] sixth, seventh, eighth, ninth, eleventh and twelfth issues challenge the trial court's decision to admit certain physical and testimonial evidence at trial. Specifically, Appellant challenges the trial court's admitting: recorded conversations between Appellant and an inmate at York County Prison two days after the murder; a letter Appellant wrote to the Victim discovered after the latter's death by Angela Lowrie; text messages received by the Victim on the date of the shooting; short message service and voice usage maps; still photographs from video surveillance and; Ms. Greene's identification of Appellant from the witness stand.

It is axiomatic that the admissibility of evidence is within the sole discretion of the trial court, and this Court will reverse an evidentiary ruling only for a clear abuse of the court's discretion. **Commonwealth v. Allison**, 703 A.2d 16, 18 (Pa. 1997). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of

_____

[6] In his fifth issue in his Statement of the Questions Invloved, Appellant states the admission of conversations between Appellant and an inmate at York County Prison violated the Wiretap Act; however, he briefly incorporates an argument in this regard in connection with his third issue in the argument section of his appellate brief which alleges the probative value of the discussions was outweighed by their prejudicial effect. We remind Appellant that the argument section of an appellant's brief must be divided into sections addressing each of the issues he lists in his statement of questions involved. Pa.R.A.P. 2116(a), 2119(a). Notwithstanding, because Appellant did include some argument concerning the Wiretap Act in his appellate brief, we will not find this issue waived for lack of development.

partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." **Commonwealth v. Holder**, 815 A.2d 1115, 1118 (Pa. Super. 2003) (citation omitted).

Relevant evidence is generally admissible. Pa.R.E. 402. When called upon to determine the relevance of proffered evidence, the trial court must consider whether the evidence bears upon a material fact at issue in the case, and whether it tends to prove or disprove that fact. **See Commonwealth v. Johnson**, 638 A.2d 940, 942 (Pa. 1994).

Importantly, it is well-established that claims which have not been raised in the trial court cannot be raised for the first time on appeal.

> In order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.

**Thompson v. Thompson**, 963 A.2d 474, 475–476 (Pa.Super. 2008) (quoting **Hong v. Pelagatti**, 765 A.2d 1117, 1123 (Pa.Super. 2000)); **see also** Pa.R.E. 103(a) (providing party may only claim error regarding admission or exclusion of evidence if he or she makes timely objection on record).

Mindful of the foregoing and upon our review of the certified record, we find the trial court's Rule 1925(a) Opinion thoroughly discusses and correctly

disposes of these issues by finding them either to be waived or meritless; therefore, we adopt the trial court's reasoning in concluding Appellant is not entitled to relief on the aforementioned claims. Trial Court Opinion, filed 8/22/19, at 18-28; 31-32.

Appellant's tenth issue asserts that the trial court erred in denying Appellant an opportunity to testify regarding his whereabouts on the day of the shooting. The trial court properly analyzed and found this claim had been waived in light of defense counsel's abandoning the alibi defense, withdrawing the question pertaining to Appellant's location at the time of shooting, and indicating a wish to "move on" during trial. Trial Court Opinion, filed 8/22/19, at 28-30, citing N.T. Trial, Sept. 11-15, 2017, at 662.

Moreover, Appellant admits in his brief that the trial court did not prohibit Appellant from presenting alibi testimony:

> However, and unfortunately for [Appellant], it appears the real error here is not that the trial judge precluded his testimony, but that his defense counsel volunteered to withdraw the question and move on in addition to agreeing to strike [Appellant's] response. (NT at 662-63). As a result, [Appellant] was precluded from offering his testimony regarding his alibi.

Brief for Appellant at 48.

To the extent Appellant suggests he had been precluded from offering alibi testimony because of trial counsel's actions, this Court generally will not consider claims pertaining to trial counsel's performance on direct appeal. *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) (holding

- 10 -

that review of counsel ineffectiveness claims should be deferred until collateral review). Therefore, this issue is waived.

Finally, Appellant posits the trial court erred by giving a jury instruction on flight as consciousness of guilt because the Commonwealth presented insufficient evidence to justify such an instruction. The entirety of Appellant's argument on this point reads as follows:

> An instruction on flight/consciousness of guilt is appropriate where the evidence existed that defendant committed a crime, knew he was wanted, and fled or concealed himself. **Commonwealth v. Lukowich**, 875 A.2d 1169, 1173 (Pa.Super. 2005)(citations omitted).
>
> In the instant matter, the only evidence presented at trial was that immediately after the shooting the two individuals fled the area on foot. (N.T. at 174-75). [Appellant] asserts that running from the crime scene is insufficient to warrant a charge of flight as consciousness of guilt. In this instance, there was no evidence to establish that [Appellant] knew he was wanted (seconds after it [sic] shooting) or that he concealed himself after the shooting.
>
> As a result, it was error for the trial court to instruct the jury that running from the scene of a shooting, without more, was consciousness of guilt. As a result of the error, [Appellant] should be awarded a new trial.

Brief for Appellant at 57.

In examining an appellant's challenge to a jury instruction on flight as consciousness of guilt, our Supreme Court has stated:

> A jury instruction is proper if supported by the evidence of record. [...W]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis [of a conviction] in connection with other proof from which guilt may be inferred.

*Commonwealth v. Clark*, 961 A.2d 80, 92 (Pa. 2008) (internal citations omitted). Significantly, a reviewing court "need not determine whether or to what extent a flight instruction must be supported by evidence other than an accused's departure from the scene of the crime." *Id.*

Here, there is no dispute that Ms. Greene testified she observed from the rearview window of her vehicle two individuals, one of whom she would later identify as Appellant, who was on state parole at the time, "running down the street" immediately after the Victim was shot. N.T. Trial, Sept. 11-15, 2017, at 174-75. Based upon this evidence, the trial court gave the following instruction:

> There was evidence, including the video of the crime scene, as well as the still photos that showed two individuals—I'm sorry— that tended to show that [Appellant] fled from the scene. The credibility, weight and effect of this evidence is for you to decide.
> Generally speaking, when a crime has been committed, and a person thinks he or she is or may be accused of committing it, and he or she flees himself or herself, such flight is a circumstance tending to prove the person is conscious of guilt.
> Such flight does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though they are innocent. Whether the evidence of flight in this case should be looked at as tending to prove guilt depends upon the facts and circumstances of this case and especially upon motives that may have prompted the flight.
> You may not find [Appellant] guilty solely on the basis of evidence of flight.

N.T. Trial, Sept. 11-15, 2017, at 879-80.

During trial, Ms. Greene testified that Appellant had been one of the two shooters whom she saw run from the scene immediately thereafter. *Id*. at 132-34. Accordingly, the evidence of record supported the instruction, and

the trial court's charge gave an accurate statement of the law. The court stressed that it was up to the jury to determine what weight, if any, the evidence of flight should be given, and it would not find Appellant guilty based solely on such evidence. As there was no trial court error regarding jury instructions, this issue lacks merit.

In light of all the foregoing, we affirm the trial court judgment of sentence entered on September 15, 2017. The parties are instructed to attach a copy of the Trial Court's August 22, 2019, Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020

- 13 -