J-S12017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDDIE JOE POTEET, SR. | : | |
| | : | |
| Appellant | : | No. 1456 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 29, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006263-2015

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 03, 2021**

Appellant, Eddie Joe Poteet, Sr., appeals from the Judgment of Sentence of twenty to forty years of incarceration, imposed on November 29, 2017, following his conviction by jury for numerous offenses related to the sexual abuse of his daughter ("the Victim") when she was a child.[1]  On appeal, Appellant challenges one of the jury instructions, the trial court's preclusion of testimony that he claims was relevant to the Victim's credibility, and Appellant's obligation to register as a convicted sex offender.  Upon review, we discern no legal error or abuse of the court's discretion in the handling of Appellant's trial.  Further, based on recent guidance from our Supreme Court

---

[1] Involuntary Deviate Sexual Intercourse, 18 Pa.C.S. § 3123(b); Criminal Attempt (Rape), 18 Pa.C.S. § 901(a) (18 Pa.C.S. § 3121(c)); Indecent Assault, 18 Pa.C.S. § 3126(a)(7); Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i); and Incest, 18 Pa.C.S. § 4302(a).

in **Commonwealth v. Lacombe**, --- A.3d --- (Pa. filed July 21, 2020), we conclude that Appellant's challenge to his registration requirements is without merit. Thus, we affirm.[2]

In January 2000, Appellant began sexually abusing the Victim, who was then four years old. The abuse continued until she was approximately ten years old.[3] The Victim did not report the abuse immediately because she feared Appellant would physically harm her and others. On July 16, 2015, she reported the abuse to the police.

In September 2017, following trial, a jury convicted Appellant of all charges. The trial court sentenced him to an aggregate term of twenty to forty years of incarceration. In addition, the court informed Appellant that he was required to register as a sexual offender.

Appellant timely filed a Post-Sentence Motion, which the trial court denied. Appellant did not file a direct appeal. In June 2018, Appellant timely filed a Petition for collateral relief, seeking the reinstatement of his appellate rights *nunc pro tunc*. The court granted relief.

_____

[2] On March 2, 2020, the Court *sua sponte* certified this appeal for *en banc* review. On August 5, 2020, following our Supreme Court's decision in **Lacombe**, *supra*, the Court determined that *en banc* certification was improvidently granted and relisted the appeal to this panel.

[3] The Victim also testified to a sexual abuse that occurred when she was thirteen years old. However, the Commonwealth did not pursue charges based on this event.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive opinion.

Appellant raises the following issues on appeal:

1. [Whether] the trial court err[ed] in applying a categorical rule against issuing the "prompt complaint" instruction for child complainants where [the victim] did not allege abuse until six years after the last instance of alleged abuse—when she was [thirteen] years old—and there is no indication that age or lack of maturity had anything to do with her failure to report[;]

2. [Whether] the trial court also err[ed] in excluding evidence that [the victim] had accused her mother's boyfriend of sexual abuse during the same period when she alleged [Appellant] had abused her, where this evidence was not barred under the rape shield law and was relevant to [the victim's] credibility— the key issue in this case[; and]

3. [Whether] Subchapter I of Act 10 of 2018 [is] punitive and thus incapable of retroactive application, leaving [Appellant] with no duty to register as a sex offender[.]

Appellant's Br. at 5 (internal footnote omitted).

## The Prompt Complaint Instruction

In his first issue, Appellant asserts that the court erred in rejecting his request for a "prompt complaint" instruction. Appellant's Br. at 20.[4] According to Appellant, the Victim's years-long delay in reporting the sexual abuse undermined her credibility as a witness, which supported a prompt complaint instruction. *See* Appellant's Br. at 25-26.

A court has broad discretion to fashion its instructions, provided it clearly and accurately presents the law. ***Commonwealth v. Sandusky***, 77 A.3d

---

[4] *See* Pa.S.S.Crim.J.I. § 4.13(A).

- 3 -

663, 667 (Pa. Super. 2013) (citation omitted).  We review for an abuse of that discretion and will not reverse the trial court absent prejudice to the appellant. ***Commonwealth v. Rush***, 162 A.3d 530, 540 (Pa. Super. 2017).

Where there has been a substantial delay in reporting a sexual assault, the trial court may give a "prompt complaint" instruction, which instructs the jury that it may question a victim's credibility when the victim does not promptly report the sexual abuse.  ***Commonwealth v. Thomas***, 904 A.2d 964, 970 (Pa. Super. 2006).

In determining whether to provide the jury with a prompt complaint instruction, the trial court may consider the age and condition of the victim. ***Sandusky***, 77 A.3d at 667; ***see also Commonwealth v. Ables***, 590 A.2d 334, 340-41 (Pa. Super. 1991).  When the victim is a child, the trial court may also consider whether the perpetrator is a close family member and whether the victim has the insight to appreciate the offensive nature of sexual abuse. ***See, e.g.***, ***Commonwealth v. Snoke***, 580 A.2d 295, 299 (Pa. 1990) (suggesting that a five-year-old victim "would have had no reason to question her father"); ***Ables***, 590 A.2d at 340 (rejecting any presumption of sexual awareness in thirteen-year-old victim abused by uncle).

It is also relevant to a trial court's decision whether the perpetrator threatened the victim with harm to herself or others if she reported the sexual abuse.  ***See, e.g.***, ***Ables***, 590 A.2d at 341 (finding duress where assailant told niece "not to tell anyone lest he get in trouble").

In this case, the trial court properly rejected Appellant's request for a prompt complaint instruction. The court determined that the Victim had suffered sexual abuse at a young age and the assailant was her father. Trial Ct. Op. at 8. In addition, Appellant threatened to harm the Victim and those close to her if the Victim reported Appellant's abuse. N.T. Trial, 9/6/17, at 102. Even years later, the Victim remained fearful that Appellant would learn that she had revealed the abuse. *Id.* at 107. Under these circumstances, the trial court properly denied Appellant's request for a prompt instruction charge.

**Preclusion of Evidence**

Appellant next contends that the trial court erred when it limited his cross-examination of the Victim, precluding him from asking whether the Victim had also accused another person of sexually assaulting her during the same period in her childhood. Appellant's Br. at 27. Appellant asserts that this evidence was admissible and relevant to the Victim's credibility. *Id.* at 30. According to Appellant, the trial court's preclusion of this evidence was prejudicial because "the sheer improbability of contemporaneous abuse from multiple people would have reduced [her] credibility[.]" *Id.* at 32.[5]

---

[5] Appellant also argues that the trial court erred by invoking the Rape Shield Law to preclude this evidence. We need not discuss this argument in detail, however, because we agree with the trial court's post-trial analysis that the Rape Shield Law does not apply in this case. Our Supreme Court has held that evidence of prior sexual victimization was beyond the scope of the law and was subject to our general evidentiary rules. *Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994); *see also* 18 Pa.C.S. § 3104(a) (applicable version effective until Aug. 26, 2019).

The admissibility of evidence is within the sole discretion of the trial court. We will reverse an evidentiary ruling only for a clear abuse of the court's discretion. ***Commonwealth v. Allison***, 703 A.2d 16, 18 (Pa. 1997).

"The credibility of a witness may be impeached by any evidence relevant to that issue[.]" Pa.R.E. 607(b). ***See also, e.g.***, ***Commonwealth v. Woeber***, 174 A.3d 1096, 1104 (Pa. Super. 2017) (concluding that a complainant's prior inconsistent statement was relevant and potentially admissible); ***Commonwealth v. Schley***, 136 A.3d 511, 517-19 (Pa. Super. 2016) (concluding that evidence of the complainant's propensity to fabricate claims of sexual assault was relevant and admissible).

In its Opinion, the trial court rejected Appellant's credibility argument, stating that "whether or not the Victim] [had] accused another person of sexually assaulting her does not make it more or less probable that Appellant assaulted her." Trial Ct. Op. at 10 (thus concluding that this evidence was inadmissible).

We agree that the trial court properly precluded Appellant from cross-examining the Victim about whether she had accused someone else of sexual assault. Appellant did not proffer evidence suggesting that the Victim had fabricated this prior incident, that she went to the authorities and misled them, or that she recanted her allegation under scrutiny. Therefore, Appellant's proffer does not implicate our decisions in ***Woeber*** or ***Schley***, *supra*.

In justifying this line of questioning to the court, Appellant's counsel stated: "I believe [the Victim] actually accused a gentleman named Jim of

[sexual abuse] when she was seven." N.T. Trial, 9/6/17, at 130. Because Appellant did not assert that the Victim's purported accusation was false, either before or after the court's ruling denying any further questioning, counsel's "belief" that the Victim made an accusation about another person was not relevant to the issue of the Victim's credibility.[6] We therefore affirm the trial court's decision to preclude this line of questioning.[7]

## The Sex Offender Registration and Notification Act

In his third issue, Appellant challenges his obligation to register as a sex offender. Appellant's Br. at 33. According to Appellant, Acts 10 and 29 of 2018 ("SORNA II")[8] impose punitive measures retroactively upon those convicted of sexually violent offenses. *See* Appellant's Br. at 40-58. Because his criminal conduct long preceded this legislation, Appellant asserts that SORNA II violates the federal and state prohibitions against *ex post facto* laws. *See id.* at 33-34, 58.[9]

---

[6] In fact, when the trial court made its ruling denying counsel's line of questioning based on the Rape Shield Law, counsel merely responded, "I'll leave it alone." N.T. Trial, 9/6/17, at 131.

[7] Although the trial court did not cite Pa.R.E. 607(b) in support of its decision, we may affirm the court for any valid reason. *Commonwealth v. Holder*, 815 A.2d 1115, 1120 n.3 (Pa. Super. 2003) (citation omitted).

[8] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

[9] Appellant asserts that Pennsylvania's *ex post facto* clause provides greater protection than the federal clause. *See* Appellant's Br. at 38 n.10. However, Appellant provides no separate argument in support of this assertion. Thus,

Recently, our Supreme Court examined "whether the retroactive application of Subchapter I [of SORNA II] . . . violates the constitutional prohibition against *ex post facto* laws[.]" **Lacombe**, --- A.3d ---, at *11. Following a comprehensive analysis of the entire statutory scheme, the Court held that "Subchapter I does not constitute criminal punishment, and the *ex post facto* claims . . . necessarily fail." **Id.** at *18.

In this case, Appellant's crimes occurred between January 1, 2000, and June 1, 2007. **See** Information, 10/29/15. He is, therefore, subject to the registration, reporting, and notification provisions defined in Subchapter I of SORNA II. **See** 42 Pa.C.S. § 9799.52. The Court's holding in **Lacombe** is dispositive of Appellant's claim. Thus, no relief is due.

Judgment of Sentence affirmed.

Judge Musmanno joins the memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2021

---

he has waived this claim. **See Commonwealth v. Adams-Smith**, 209 A.3d 1011, 1018 (Pa. Super. 2019); Pa.R.A.P. 2119(a).