J-S12017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDDIE JOE POTEET, SR. | : | |
| | : | |
| Appellant | : | No. 1456 MDA 2018 |

Appeal from the Judgment of Sentence Entered November 29, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006263-2015

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

CONCURRING MEMORANDUM BY BOWES, J.:    **FILED FEBRUARY 03, 2021**

I agree with the learned majority's substantive analysis regarding the trial court's jury instructions, Appellant's obligation to register as a convicted sex offender, and the inapplicability of the Rape Shield Law, 18 Pa.C.S. § 3104.  However, I respectfully disagree with my esteemed colleagues' conclusion that the proffered impeachment evidence concerning the victim's contemporaneous allegations of sexual abuse against someone else was properly excluded by the trial court.

As the majority addressed our standard of review and succinctly summarized the procedural posture of this case, I will not revisit those items herein.  However, for ease of discussion, I briefly restate the factual history and outline the relevant offer of proof that is the genesis of Appellant's contention.

The victim testified that Appellant engaged in escalating episodes of sexual abuse against her while she was between the ages of four and ten. The abuse ended when the victim moved from the home at the age of ten, but Appellant assaulted her again when she was thirteen years old. On cross-examination of the victim, Appellant's counsel inquired about the former boyfriend of the mother. *See* N.T., 9/6/17, at 130. Then, in response to the Commonwealth's request for an offer of proof, counsel indicated that he sought to introduce evidence that the victim previously alleged that her mother's former paramour assaulted her sexually when she was seven years old. *Id*. Counsel explained that the alleged abuse occurred contemporaneous with the allegations against Appellant. *Id*. at 131. The trial court barred the inquiry under the Rape Shield Law.

Although the trial court's post-trial analysis subsequently retreated from its reliance upon the Rape Shield Law, the court concluded that the proffered impeachment evidence was irrelevant. It reasoned, "Whether or not T.B. accused another person of sexually assaulting her does not make it more or less probable that Appellant assaulted her." Trial Court Opinion, 11/20/18, at 10. The majority's analysis builds upon the trial court's premise that the evidence was irrelevant, adding that, since Appellant's reference to the prior allegation did not suggest that the assertion was fabricated, it did not bear upon the victim's credibility. *See* Majority Memorandum at 7 ("Because Appellant did not assert that the Victim's purported accusation was false,

either before or after the court's ruling denying any further questioning, counsel's 'belief' that the Victim made an accusation about another person was not relevant to the issue of the Victim's credibility."). For the following reasons, I respectfully disagree.

The majority requires an express assertion that the prior allegation of abuse was false. Considering the fact that portions of the alleged assaults overlap, or at least occurred close in time, I do not believe that Appellant was compelled to assert that the victim fabricated the prior allegations in order for the proffered evidence to bear on the victims' credibility. In my view, the witness's potential confusion about the overlapping assaults was sufficient to implicate her credibility based upon faulty recollection.[1]

Evidence of prior sexual assaults is admissible if it is relevant and material. *Commonwealth v. Johnson*, 638 A.2d 940, 942 (Pa. 1994). Pursuant to Pa.R.E. 401, "[e]vidence is relevant if . . .it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Furthermore, "[i]mpeachment evidence is evidence which is presented as a means of

---

[1] Although evidence concerning the victim's prior allegations of abuse admittedly lacks the gravitas of the impeachment evidence challenging the respective witnesses' propensity for truthfulness in *Commonwealth v. Woeber*, 174 A.3d 1096 (Pa. Super. 2017) and *Commonwealth v. Schley*, 136 A.3d 511, 517-19 (Pa.Super. 2016), which the majority cites in support of its position, the evidence nevertheless was admissible to challenge the witness's credibility based on faulty recollection. A point that I develop in the body of this concurring memorandum.

attacking the witness'[s] credibility." ***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa.Super. 2011) (quoting Leonard Packel & Anne Poulin, *Pennsylvania Evidence* § 608 (1987)). Black's Law Dictionary (11th ed. 2019) defines "credibility" as "The quality that makes something (as a witness or some evidence) worthy of belief." One of the several principal means to attack a witness's credibility includes offering evidence to "prove defects in the witness'[s] perception or recollection." ***Palo***, ***supra*** at 1056; ***see also*** Pa.R.E. 607(b) ("The credibility of a witness may be impeached by any evidence relevant to that issue, except as otherwise provided by statute or these rules.").

In contrast to the perspective of my esteemed colleagues, the pertinent question is not whether the prior accusations against the paramour were untruthful, but whether, considering the timing and corresponding nature of the alleged assaults, they bore upon the victim's credibility in any manner. For example, if there had been another assailant during the same time period, perhaps the victim's testimony against Appellant was colored by mistake, confusion, or faulty memory. As framed by Appellant, the crux of the proffer is that the victim accused someone else of assaulting her "around the time" that the Appellant allegedly assaulted her. Appellant's brief at 30. Appellant argues, and I agree, that the timing of the other allegation is relevant impeachment evidence. Although the majority reiterates Appellant's position generally, and stresses the absence of skepticism as to the prior assertions, it

ignored the timing element and declined to explain why evidence of the overlapping assaults was not admissible to challenge the victim's recollection of the assaults perpetrated by Appellant.

Similarly, the fact that the allegations against Appellant spanned periods prior to and following the alleged abuse by another individual when the victim was seven years old does not negate the relevance of the evidence challenging her recollection. It merely influences the weight that the jury attributes to it.

For all of the forgoing reasons, I believe that the trial court abused its discretion in refusing to permit Appellant to question the victim about the prior allegations. The majority's rationale ignores the plain fact that alternative methods exist to impeach a witness's credibility beyond attacking her character for truthfulness. *See Palo*, *supra* at 1055-56 (quoting Leonard Packel & Anne Poulin, *Pennsylvania Evidence* § 608 (1987)) (emphasis added) ("There are several principal ways to attack a witness' credibility: 'evidence offered to attack the character of a witness for truthfulness, evidence offered to attack the witness' credibility by proving bias, interest, or corruption, **evidence offered to prove defects in the witness' perception or recollection**, and evidence offered to contradict the witness' testimony.'"). As Appellant offered the proposed impeachment evidence to prove defects in the witness's recollection of events that occurred approximately fourteen years earlier, Appellant was not required to assert that the prior allegations

against the paramour were false. Stated plainly, Appellant sought to challenge the victim's memory, not her penchant for truthfulness.

Notwithstanding the court's erroneous exclusion of the impeachment evidence, I concur with my learned colleagues' decision to affirm the judgement of sentence because the exclusion of evidence was harmless. **See Commonwealth v. Chmiel**, 889 A.2d 501, 521 (Pa. 2005) ("[A]n erroneous ruling by a trial court on an evidentiary issue does not require us to grant relief where the error was harmless."). Our Supreme Court discussed the issue, as follows:

> Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minmis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilty was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

**Id**. (quoting **Commonwealth v. Robinson**, 721 A.2d 344, 350 (Pa. 1998)). I also emphasize that "[n]ot all errors at trial, ..., entitle an appellant to a new trial and [t]he harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial[.]" **Commonwealth v. Fransen**, 42 A.3d 1100, 1113 (Pa.Super. 2012).

Instantly, the evidence of guilt was so overwhelming and the prejudice so negligible that the preclusion of the prior allegations against the paramour could not have contributed to the verdict. My review of the certified record confirms that the Commonwealth presented compelling evidence to the jury,

who found beyond a reasonable doubt, that Appellant habitually abused the victim, his daughter, over a six year period beginning when she was four years old. The abuse paused only when the victim moved from the home but occurred once more when she spent the night at Appellant's residence three years later. This evidence is unassailable.

In support of his assertion of prejudice, Appellant argues, "The jury balked at finding [Appellant] guilty . . . as it had to ask a question before reaching a verdict." Appellant's brief at 25. Notwithstanding Appellant's protestations to the contrary, there is no evidence in the record that the jury struggled to convict him. Appellant's assertion of prejudice implicates the following facts. Prior to rendering unanimous guilty verdicts on all five counts, the jury inquired of the court, "What year did the defendant's deceased brother move out of the defendant's house?" *See* N.T., 9/6/17, at 273. The question relates to testimony concerning the period that the paternal uncle and aunt babysat the victim in Appellant's home while her mother and Appellant were unavailable. Significantly, there is no indication in the certified record that the uncle assaulted the victim and there was no question of fact relating to the uncle's presence or absence in the home when Appellant assaulted the victim. The uncle was not reported to have witnessed any of the assaults, and the victim did not confide in him about either Appellant or her mother's former paramour. Hence, the fact that the jury asked an isolated question of the trial court relating to the uncle is neither evidence of the jury's

hesitation to convict Appellant nor a rebuttal to the evidence that established Appellant's guilt beyond a reasonable doubt. Thus, because the properly admitted evidence of Appellant's guilt was overwhelming and the prejudicial effect of the court's evidentiary error was insignificant by comparison, the error could not have contributed to the jury verdict. **See Chmiel**, **supra** at 521. Accordingly, Appellant is not entitled to relief. Hence, I concur.