J-S14030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM JORDAN | : | |
| | : | |
| Appellant | : | No. 868 MDA 2020 |

Appeal from the PCRA Order Entered June 4, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000979-2013

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 23, 2021**

Appellant, Robert William Jordan, appeals from the June 4, 2020 Order entered in the Bradford County Court of Common Pleas, dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The relevant facts and procedural history are as follows. Appellant's then-15 year-old daughter reported that Appellant had given her drugs and had sexual intercourse with her on numerous occasions during the summer of 2013. Consequently, the Commonwealth charged Appellant with numerous offenses arising from this conduct. On July 11, 2014, after considering the testimony of witnesses including the victim, a jury convicted Appellant of 27

drug and sexual offenses.[1]  Following trial, and after holding a ***Grazier***[2] hearing, the court entered an Order vacating the appointment of Benjamin J. Steinberg, Esquire ("trial counsel"), as Appellant's counsel and permitted Appellant to represent himself.

On October 14, 2014, the sentencing court, with the benefit of a Pre-Sentence Investigation Report, sentenced Appellant to an aggregate term of 122 years to 333 years of incarceration.  We affirmed Appellant's Judgment of Sentence[3] and our Supreme Court denied allowance of appeal. ***Commonwealth v. Jordan***, 134 A.3d 489 (Pa. Super. 2015) (unpublished memorandum), *allocatur denied*, 134 A.3d 489 (Pa. 2016).

On January 3, 2017, Appellant *pro se* filed the instant PCRA Petition. The PCRA court appointed counsel, who filed an Amended PCRA Petition

_____

[1] In particular, the jury convicted Appellant of two counts of Delivering a Controlled Substance, (methamphetamines and so-called "bath salts"), four counts of Involuntary Deviate Sexual Intercourse ("IDSI") with a Person Less Than 16 Years of Age, six counts of Statutory Sexual Assault, 10 counts of Incest with a Minor (complainant between 13 and 18 years of age), two counts of Corruption of a Minor (graded as a misdemeanor), one count of Indecent Assault (person less than 16 years of age), and two counts of Corruption of a Minor (defendant age 18 or above) (graded as a felony).

[2] ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998).

[3] This Court dismissed Appellant's *pro se* direct appeal on November 12, 2015 for failure to present a brief conforming to the Rules of Appellate Procedure, failing to develop properly referenced arguments, and failing to support the arguments with pertinent authority.  ***Commonwealth v. Jordan***, No. 144 MDA 2015 unpublished memorandum at *3-5 (Pa. Super. filed Nov. 12, 2015). The Court also independently reviewed the record and determined that none of Appellant's claims had merit.  ***Id.*** at *5 n.11.

asserting that Appellant's trial counsel had been ineffective in failing to cross-examine certain witnesses, failing to discover or pursue exculpatory evidence, and failing to file a timely Omnibus Pretrial Motion.  Amended PCRA Petition, 9/13/17, at ¶ 5.  Appellant also asserted that the Commonwealth violated his constitutional rights by failing to arraign him, and by providing the jury with confusing verdict slips.  *Id.* at ¶ 6-7.

On September 21, 2017, the PCRA court notified Appellant of its intent to dismiss his PCRA Petition without a hearing in 20 days pursuant to Pa.R.Crim.P. 907.  On October 13, 2017, Appellant filed a *pro se* Response to the Rule 907 Notice requesting, among other things, that the PCRA court appoint Appellant new PCRA counsel.  The PCRA court appointed new counsel.

Appellant filed a Second Amended PCRA Petition ("Petition"), in which he raised 29 separate claims, including claims pertaining to subject matter jurisdiction and ineffective assistance of trial counsel.  The PCRA court entered an Order scheduling a hearing and noting that it intended to dismiss six claims because Appellant had either waived them by not raising them on direct appeal or previously litigated them.  Order, 2/22/19 (referring to claims 8B, C, E, H, R, and AA)[4].  The Order also directed Appellant to file with the court certifications regarding the witnesses he intended to present at the hearing. *Id.*

---

[4] At the hearing on Appellant's Petition, the court also found Appellant's issue 8A waived.

- 3 -

On April 22, 2019, Appellant nominally complied with the PCRA court's February 22, 2019 Order by filing a document entitled "Compliance with Order of February [2]2, 2019."

The PCRA court held hearings on the Petition on May 2, 2019, and July 30, 2019, at which Appellant and trial counsel testified. Following the hearing, Appellant filed a Brief in support of his Petition, as permitted by the PCRA court. On June 4, 2020, the PCRA court dismissed Appellant's Petition and issued a comprehensive Memorandum Opinion explaining the basis for the dismissal.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following 10 issues on appeal:

1. Regarding all sexual abuse information counts, other than the two information counts pertaining to the first two alleged sexual incidents, did the [t]rial [c]ourt lack subject matter jurisdiction[?]

2. Regarding all sexual abuse information counts, other than the two information counts pertaining to the alleged sexual incidents, was [Appellant's t]rial [a]ttorney ineffective and [Appellant] prejudiced by the fact that the said [t]rial [a]ttorney did not move to have said information counts dismissed for lack of subject matter jurisdiction?

3. Did the [t]rial [j]udge [err] in not replacing a juror who, at least during the presentation of the [f]inal [i]nstructions, due to medication, was droopy and falling in and out of consciousness[?]

4. Did [t]rial [c]ounsel act ineffectively in not requesting that the [t]rial [c]ourt replace a juror who, at least during the presentation of the [f]inal [i]nstructions due to medication, was droopy and falling in and out of consciousness?

- 4 -

5. Was [Appellant's t]rial [a]ttorney ineffective[] in his cross-examination of the victim's mother about the acknowledgement of paternity O/B/O caption?

6. Was [Appellant's t]rial [a]ttorney ineffective in failing to have a forensic examination of [Appellant's] truck conducted?

7. Was [Appellant's a]ttorney ineffective in failing to conduct paternity DNA testing of [Appellant]?

8. Was [Appellant's a]ttorney ineffective in not objecting to other bad acts testimony presented by Ashley Grover, Bryan B[e]rry, and Michael Wheeler?

9. Did [Appellant's] attorney act ineffectively in not seeking to have DNA paternity testing performed, given the fact that [Appellant] had been charged with incest?

10. Did [Appellant's] attorney act ineffectively in his dealing with [Appellant's] purported paternity acknowledgement?

Appellant's Brief at 2-4.[5]

**Standard of Review**

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). We will not disturb the findings of the PCRA court unless

---

[5] Appellant has not included in his Brief a section of Argument corresponding to Questions 9 and 10 as required by Pa.R.A.P. 2119(a). We, thus, conclude that he has abandoned these issues and we decline to review them.

- 5 -

there is no support for those findings in the record. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

## Cognizability of Claims

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. 42 Pa.C.S. § 9543(a)(2)(i)-(viii).

In addition, an appellant must establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). ***See also Commonwealth v. Spotz***, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2). An issue has been waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." ***Id.*** at (b).

## Ineffective Assistance of Counsel

- 6 -

A PCRA petitioner who alleges ineffective assistance of counsel "will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the 'ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009) (quoting 42 Pa.C.S. § 9543(a)(2)(ii)).

We presume counsel is effective. **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015). A court will deny the claim if the petitioner fails to meet any one of these prongs. **Jarosz**, 152 A.3d at 350.

Counsel has broad discretion to determine tactics and strategy. **Commonwealth v. Fowler**, 670 A.2d 163, 155 (Pa. Super. 1996), *aff'd*, 703 A.2d 1027 (Pa. 1997). To prove that counsel lacked a reasonable basis for his strategic decision, a petitioner must prove that counsel's act or omission was so unreasonable that "no competent lawyer would have chosen that course of conduct." **Commonwealth v. Rega**, 933 A.2d 997, 1019 (Pa. 2007) (citation omitted).

In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the

result of the proceeding would have been different." ***Koehler***, 36 A.3d at 132 (citation omitted).

**Issues 1 and 2**

In his first two issues, Appellant raises claims pertaining to the trial court's subject matter jurisdiction. In particular, Appellant asserts that the court lacked subject matter jurisdiction over all but two of the charged sexual offenses because the Commonwealth did not prove that Appellant committed those offenses in Pennsylvania[6] and trial counsel was ineffective for failing to move for dismissal of those charges. Appellant's Brief at 21-26.

With respect to Appellant's first contention, our review of the record indicates that Appellant raised this issue in his direct appeal to this Court. ***See Jordan***, No. 144 MDA 2015 at *6 ("Did the lower court [err] by not dismissing the defendant's charges after they . . . didn't prove they had jurisdiction . . ?" (unnecessary capitalization omitted). Although this Court dismissed Appellant's direct appeal owing to his substantial noncompliance with our Rules of Appellate Procedure, we nevertheless conducted an independent review of the issues presented by Appellant, and found them lacking merit. Accordingly, because Appellant previously litigated this issue, it is not cognizable under the PCRA.

---

[6] Appellant asserts that the area of Bradford County in which the offenses occurred is located "a short distance from the Pennsylvania and New York [s]tate border." Appellant's Brief at 22.

With respect to Appellant's claim that his counsel was ineffective for not moving for dismissal of all but two of the sexual offenses, the PCRA court aptly observed that counsel **did** raise this issue at the close of the Commonwealth's case-in-chief. *See* N.T., 6/10/14, at 235-36 (where counsel, arguing that the Commonwealth failed to offer any testimony to establish that Appellant committed the sexual offenses in Bradford County, requests that the court dismiss the charges). Our review of the trial transcript supports the PCRA court's conclusion that this claim lacks merit. *See* PCRA Ct. Op., 8/21/20, at 9-10. Accordingly, Appellant is not entitled to relief on his first and second issues.

## Issues 3 and 4

In his third and fourth issues, Appellant raises claims pertaining to the court's treatment of a juror. In particular, Appellant asserts that the trial court erred in not replacing a juror who Appellant alleges was "droopy and falling in and out of consciousness" during the presentation of jury instructions, and trial counsel was ineffective for not requesting that the court replace that juror. Appellant's Brief at 26-33.

With respect to Appellant's claim that the trial court should have removed the juror, our review indicates that Appellant had the opportunity to raise this claim on direct appeal, but failed to do so. Accordingly, he has waived it. *See* 42 Pa.C.S. § 9544(b).

Appellant also claims that his counsel was ineffective for not requesting that the court remove the juror. Our review of the Notes of Testimony

indicates, and Appellant concedes in his Brief to this Court, that trial counsel **did** ask the court to remove the juror. ***See***, ***e.g.***, N.T., 6/11/14, at 74-75 (where trial counsel requests that the court replace the juror who counsel characterized as having been "falling in and out of sleep" and "not in good form," with an alternate juror); Appellant's Brief at 25. After conducting a colloquy of the juror, who indicated that she had heard and understood all of the court's instructions, the court declined to remove her. N.T., 6/11/14, at 75. Thus, the record belies Appellant's claim that his counsel was ineffective for not requesting that the court remove this juror. ***See also*** PCRA Ct. Op., 8/21/20, at 23. Appellant's third and fourth issues, therefore, fail to garner relief.

**Issue 5**

In his fifth issue, Appellant claims that his counsel was ineffective in his cross-examination of the victim's mother, T.B. Appellant's Brief at 33-36. In particular, Appellant complains that counsel inappropriately elicited testimony from T.B. that the acknowledgement of paternity signed by Appellant acknowledging his paternity of the victim had an "on behalf of" caption because T.B. was a minor at the time of the victim's birth. ***Id.*** at 34. Appellant argues that the testimony that T.B. was a minor at the time of the victim's birth was irrelevant to the underlying charges. ***Id.*** He contends that the testimony was inadmissible as "prior bad act testimony," and prejudiced him by "blacken[ing]" his character and by emphasizing that Appellant had had

sexual relationships with T.B. and the victim when both were underage. *Id.* at 35-36.

In Appellant's voluminous Pa.R.A.P. 1925(b) Statement, Appellant raised numerous claims pertaining to the acknowledgement of paternity relied upon by the Commonwealth in support of Appellant's Incest conviction, but not the issue raised here. Rather, in a section of the Rule 1925(b) Statement entitled "Written Acknowledgement of Paternity Ineffective Representation," Appellant asserted that his counsel had been ineffective in failing to: (1) object when the trial court permitted the jurors to individually review the acknowledgement of paternity and sent the acknowledgement out with the jury during its deliberations; (2) request that the court redact the acknowledgement so that the jury was not made aware that T.B. was a minor at the time of the victim's birth; and (3) object to the Commonwealth's failure to authenticate the acknowledgement; and by (4) allowing "testimony" into the record that T.B. was a minor when she conceived the victim. Rule 1925(b) Statement, 8/19/20, at 10-12. Appellant did not include an issue alleging that trial counsel had been ineffective in his cross-examination of T.B. about the acknowledgement of paternity's "on behalf of" caption, and the PCRA court did not address this issue in its Rule 1925(a) Opinion.

Pa.R.A.P. 1925(b)(4)(ii) directs that an appellant's Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Rule 1925(b)(4)(vii) provides that "[i]ssues not

included in the [Rule 1925(b) s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). *See Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (explaining that "any issues not raised in [a Rule 1925(b)] statement [are] waived").

Because Appellant did not raise a claim that trial counsel had been ineffective in cross-examining T.B. in his Rule 1925(b) Statement, we conclude that this issue is waived.

**Issue 6**

In his sixth issue, Appellant asserts that trial counsel was ineffective for not having Appellant's truck, in which the victim testified she and Appellant had had sexual intercourse numerous times, forensically examined. Appellant's Brief at 36-40. Appellant claims that he asked his counsel to pursue a forensic examination of his truck because he believed that trace evidence such as the victim's blood would not be found in it, and that he could use this finding to undermine the victim's credibility.[7] *Id.*

At the PCRA hearing, trial counsel testified that he declined Appellant's suggestion to pursue such a forensic examination because he did not want to

---

[7] Pennsylvania State Police Corporal Douglas Smith testified at trial that the victim informed him and a Children and Youth Services caseworker that on many occasions the victim and Appellant had had sexual intercourse in Appellant's truck and that the victim believed it was possible that there may be evidence of Appellant's crimes in the truck, but that she was not sure "because he always kept it so clean. Shampooed and cleaned, cleaned the truck out". N.T., 6/10/14, at 245, 249; *see also id.* at 116-17, 253-56.

take the risk of a forensic examination revealing evidence that would inculpate Appellant. N.T., 7/30/19, at 27. Counsel also explained that, as part of his trial strategy, he wanted to argue that in failing to conduct a forensic examination itself, the Commonwealth had not acted with diligence. *Id.* In fact, the record reflects that, during closing arguments, counsel argued as follows:

> And most surprisingly, despite the fact that they had an opportunity to search [Appellant's] vehicle, though they didn't have the manpower at the time, they didn't go back. They didn't bother to get a search warrant, even if it being after [the victim] had told the state trooper that there may be blood on the seat or from where I was there may be bodily fluids. Yet, that wasn't done, we don't have that in evidence.

N.T., 6/11/14, at 27.

The PCRA court, relying on trial counsel's credible testimony that counsel had a reasonable strategic basis for not seeking a forensic examination of the truck, concluded that this issue lacks merit. PCRA Ct. Op., 6/2/20, at 26. The record supports this conclusion and Appellant has not demonstrated that counsel's strategy was so unreasonable that "no competent lawyer would have chosen" it. *Rega*, 933 A.2d at 1019. Accordingly, Appellant is not entitled to relief on this claim.

**Issue 7**

In Appellant's seventh issue, he claims that trial counsel was ineffective in not conducting a paternity DNA investigation. Appellant's Brief at 41-42. Appellant disputes that counsel's decision not to seek a DNA paternity test had a reasonable basis arguing that, "without paternity testing it was

inevitable that the jury would find that [Appellant] was the victim's biological father and find him guilty of incest." *Id.* at 42.

At the PCRA hearing, trial counsel testified that he decided not to petition the court to order paternity testing of the victim and Appellant for two reasons. First, based on the court's prior denial of something "simple" like a psychiatric evaluation of the victim as "intrusive," counsel deemed it likely that the court find such a request a "waste of [j]udicial efficiency and deny it." N.T., 7/30/19, at 20. Second, counsel explained that he was unwilling to "gamble" that a paternity test might confirm that Appellant was the victim's father, which Appellant denied. *Id.* Stated another way, in the absence of a DNA test result confirming that Appellant was the victim's daughter, counsel was able to argue that there was not proof of that fact and that, therefore, the jury should acquit Appellant of the Incest charges.

The PCRA court credited this testimony and concluded that counsel provided a reasonable strategic explanation for his decision not to pursue DNA testing, and that, therefore, this claim lacked arguable merit. PCRA Ct. Op., 6/2/20, at 17. Our review confirms that the record supports this conclusion. Appellant is, thus, not entitled to relief.

**Issue 8**

In his eighth issue, Appellant claims that his trial counsel was ineffective for failing to object when the Commonwealth's witnesses, Ashley Grover, Bryan Berry, and Michael Wheeler, testified that Appellant had engaged in other "bad acts," *i.e.,* the manufacture and personal use of

methamphetamine. Appellant's Brief at 45-50. Appellant asserts that the Commonwealth's case "was essentially based" on the testimony of Mr. Wheeler and the victim, and that the victim was not credible. Thus, he concludes that, had trial counsel objected to the above witnesses' testimony, the jury would not have found Appellant guilty of any of the charged crimes. *Id.* at 49.[8]

**Applicable Law**

The rules of evidence are relevant to this issue as raised and addressed in Appellant's Brief. First, Pennsylvania Rule of Evidence 404(b) prohibits evidence of a defendant's prior bad acts "to prove a person's character" or demonstrate "that on a particular occasion the person acted in accordance

---

[8] To provide context, we note that the court gave the following limiting instruction to the jury which Appellant does not challenge, or even acknowledge in his Brief:

> You have heard evidence tending to prove that [Appellant] was guilty of manufacturing methamphetamine, for which he is not on trial here. Now, I'm speaking about the testimony to the effect that [Appellant] was said to have requested Ashle[y] Grover to go to New York [s]tate to purchase ingredients for methamphetamine manufacturing. As well as the testimony of Michael Wheeler that he thought [Appellant] was making the methamphetamine when he encountered him in June of 2013. This evidence is before you for a limited purpose, that is for the purpose of tending to show that [Appellant] may have possessed methamphetamine, which is alleged to have been distributed to [the victim]. This evidence must not be considered by you in any way other than the purpose which I just stated. You may not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T., 6/11/14, at 60-61.

with the character." Pa.R.E. 404(b)(1). Nevertheless, the Rule provides that prior bad acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). It is within the discretion of the trial court to admit evidence, including prior bad acts evidence. **Commonwealth v. Johnson**, 638 A.2d 940, 942 (Pa. 1994).

"In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). "Where evidence of prior bad acts is admitted, the defendant is entitled to a jury instruction that the evidence is admissible only for a limited purpose."[9] **Commonwealth v. Ivy**, 146 A.3d 241, 251 (Pa. Super. 2016).

Second, Appellant's evidentiary challenge, as presented in his Brief, also implicates Rule 802, which prohibits the admission of hearsay statements. Pa.R.E. 802. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). It is generally inadmissible unless it falls within one of the exceptions to the hearsay rule delineated in the Rules of Evidence. **Commonwealth v. Busanet**, 54 A.3d 35, 68 (Pa. 2012). **See also** Pa.R.E. 804(b).

One such exception to the hearsay rule is a statement against interest. Pennsylvania Rule of Evidence 804(b)(3) provides, in relevant part, as follows:

---

[9] As noted above, Appellant received a limiting instruction.

**(b) The Exceptions**. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

\* \* \*

(3) *Statement Against Interest*. A statement that:

(A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

(B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Pa.R.E. 804(b)(3).

**Testimony of Bryan Berry**

Appellant claims that his trial counsel should have objected when Appellant's parole officer, Brian Berry, testified that Appellant told P.O. Berry, that in the summer of 2013, Appellant used, and tested positive for using, illegal drugs including methamphetamines and marijuana. Appellant's Brief at 45. Appellant asserts that this testimony was "legally irrelevant hearsay" and that its "logical probative value [] was too limited." *Id.* at 46.

At the PCRA hearing, trial counsel testified that he did not lodge an objection to this testimony because it constituted a statement against interest, and, thus, was admissible under Rule 804 as an exception to the hearsay exclusion rule. N.T., 7/30/19, at 15

The PCRA court credited trial counsel's testimony that his belief that P.O. Berry's testimony was admissible informed his decision not to object. PCRA Ct. Op., 8/21/20, at 15. Our review of the record supports the PCRA court's finding that counsel's decision not to object to admissible testimony reflected a reasonable trial strategy. This claim, therefore, fails.

**Testimony of Ashley Grover, the Victim's Friend**

Appellant next asserts that trial counsel was ineffective for not objecting when Ashley Grover testified that she would travel to New York, and purchase Sudafed at Appellant's request to use in manufacturing methamphetamine, in exchange for which Appellant would give her methamphetamine. Appellant's Brief at 45. He argues that this testimony was objectionable because it merely demonstrated his tendency to make methamphetamines. *Id.* at 47.

Trial counsel testified at the PCRA hearing that he did not object to his testimony because such an objection would have been overruled as this evidence was both directly relevant eyewitness testimony and admissible as course of conduct evidence relevant to the Delivery of a Controlled Substance charges against Appellant. N.T., 7/30/19, at 16. He stated that he would not raise frivolous objections as they would only draw the jury's attention further to the testimony. *Id.* at 19.

In concluding that this claim lacked merit, the PCRA court noted that it found trial counsel had articulated a reasonable basis for determining to not to object to Ms. Grover's testimony. Our review of the record supports this finding.

**Testimony of Michael Wheeler**

Appellant last contends that his trial counsel should have objected when his friend, Michael Wheeler, testified that it appeared that Appellant was manufacturing methamphetamine, "the girls liked it," Appellant had sex with them, Appellant gave methamphetamine to the victim, and that Appellant "did inappropriate things with the victim." Appellant's Brief at 45-46. Appellant also asserts that trial counsel should have objected to Mr. Wheeler's testimony that in 2013 he saw Appellant at a bar and Appellant asked Mr. Wheeler if he wanted to "do drugs." *Id.* at 46.

Trial counsel testified at the PCRA hearing that he did not object to Mr. Wheeler's testimony that Appellant gave girls, including the victim, methamphetamine in return for sex because counsel believed that it constituted an admissible statement against interest. N.T., 7/30/19, at 17-18. He further testified that he believed that this testimony also constituted relevant course of conduct evidence offered to support a conviction of manufacturing and deliver of methamphetamine. *Id.*

The PCRA court credited the testimony of trial counsel that he did not object to Mr. Wheeler's testimony because he thought the testimony was admissible. PCRA Ct. Op., 8/21/20, at 12-13. The court also concluded that counsel's explanation that he "anticipate[d] that the court would have overruled the objection" and does not "like to repeatedly object unnecessarily" was a reasonable trial strategy. *Id.* at 13 (citing N.T., 7/30/19, at 19). As

the record supports this conclusion, Appellant is not entitled to relief on this claim.

In sum, with respect to Appellant's allegation that trial counsel was ineffective for failing to object to certain witness testimony, the PCRA court concluded in each instance that counsel had a reasonable basis for determining that lodging an objection would not be an effective trial strategy. In addition, the PCRA court also observed that, because it provided the jury with a limiting instruction, "any prejudice Appellant could have suffered from the jury hearing this evidence was cured[.]" PCRA Ct. Op., 8/21/20, at 14. *See also id.* at 15. Finally, the court noted that, in light of the victim's credible testimony concerning Appellant's plying her with drugs and engaging in sexual intercourse with her, Appellant has not shown that, even if counsel had effectively objected to this testimony, there is a reasonable probability that the jury would have acquitted him of all of the offenses as Appellant asserts. *Id.* Each of the PCRA court's findings is supported by the record and we discern no legal error. Appellant is, thus, not entitled to relief on these claims.

## Conclusion

After careful review, we conclude that the record supports the PCRA court's Order dismissing Appellant's claims as meritless and we discern no legal error. We, therefore, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/23/2021