J-S06006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER JOSEPH-CARNES SOLLEY | : | |
| | : | |
| Appellant | : | No. 1524 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003226-2021

BEFORE:  DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                     **FILED JULY 17, 2024**

Tyler Joseph-Carnes Solley ("Appellant") appeals from the judgment of sentence entered after a jury convicted him of Rape by Forcible Compulsion and other offenses.  He challenges an evidentiary ruling and the court's decision to allow the deliberating jury to have the transcripts of telephone calls he had had with his mother from jail.  After careful review, we affirm.

**A.**

We glean the following relevant factual and procedural history from the trial court's opinions and the certified record.  On July 18, 2021, Appellant and his wife ("Victim") had a prolonged argument which culminated in a physical confrontation where Appellant threatened, assaulted, and raped her into the early morning hours of July 19, 2021.  After the rape, Appellant threatened to kill their family.  When he left the bedroom to retrieve the key to his gun box, Victim grabbed the gun box and called 911 from her cell phone.  While Victim

was pleading for help from the 911 operator, Appellant took her phone from her, and the call disconnected. Police officers arrived at the couple's home soon thereafter and when Victim opened the front door, she was extremely distraught and had injuries on her arms and redness on her neck. After speaking with the police officer, Victim went upstairs to check on the children. She returned downstairs and asked Appellant for her cell phone. Appellant handed it to the police officer.

The officers spoke with Appellant downstairs who denied that he had taken Victim's cell phone from her or that there had been any physical altercation.

Victim underwent evaluation at the hospital, including a rape kit. Semen obtained from Victim's rectum contained Appellant's DNA.

Following his arrest, Appellant waived his **Miranda** rights and told the investigating officer that he and Victim did not have sex before the police officers arrived and the bruising and redness of Victim's neck were self-inflicted. The Commonwealth charged Appellant with Strangulation, Rape by Forcible Compulsion, Rape by Threat of Forcible Compulsion, Involuntary Deviate Sexual Intercourse by Forcible Compulsion, Involuntary Deviate Sexual Intercourse by Threat of Forcible Compulsion, Sexual Assault, Terroristic Threats, Simple Assault, and Harassment.[1]

---

[1] 18 Pa.C.S. §§ 2718(a)(1), 3121(a)(1) and (2), 3123(a)(1) and (2), 3124.1, 2706(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

Appellant filed a pre-trial motion *in limine* seeking to admit Victim's statement that "I will kill you" made approximately 12 hours prior to the assault and rape. He contended that that statement was relevant to show the context for their marriage and Victim's motive to lie about the sexual assault. The court denied the motion.

At trial, Victim testified in detail about the day preceding the assault and Appellant's actions after the assault. She stated, among other things, that Appellant and she had been arguing off and on all day about his spending too much time with his former wrestling coach who was dying of cancer. She stated that after the children were in bed, the argument escalated, and Appellant physically assaulted and anally raped her. Victim also testified that after the rape, Appellant told her he was going to kill himself and the rest of the family. Victim also testified that she and Appellant did not have consensual sex on the afternoon of the day of the assault. N.T., 11/29/22, at 12-26, 30-31.

The Commonwealth also presented testimony from police officers and forensic experts, and the court admitted the video recorded by the responding officers' body cameras.

Appellant testified, *inter alia*, that he was stunned that rape charges had been filed against him. He stated the marriage was unstable, he and Victim fought in the car all the way home from their weekend at the beach, and that Victim had threatened to kill herself after he told her he was going to leave the marriage. Appellant also testified that he and Victim had consensual sex

around 5:00 PM when they got home from their weekend trip, hours before Victim called 911. He also accused Victim of fabricating her story to police officers because she was jealous of all the time he was spending with a friend who was suffering from cancer. Appellant further testified that Victim knew he was going to inherit money from the friend when the friend died, and Victim wanted those funds. N.T., 11/30/22, at 37-55.

The parties stipulated to the admission of audio recordings and transcripts of two telephone calls that Appellant had had with his mother from jail on July 19, 2021. The jury first heard Appellant telling his mother that he had hit and choked Victim, but that it was a mutual altercation and that she had hit and choked him, too. *See* Cmwlth's Exh. 17A, at 3. In the second call, the jury heard Appellant responding affirmatively to his mother's inquiries regarding whether he committed each crime charged. *See* Cmwlth's Exh. 18A, at 14 (Appellant admitting he committed simple assault, terroristic threats, and strangulation); 15 (acknowledging that Victim did not want to have sexual intercourse, but he persisted).

When questioned about those conversations at trial, Appellant testified that his responses to his mother's questions were "speculations," and attempts to "process[] these charges . . . out loud." *See* N.T., 11/30/22, at 64-67, 113-14, 118-119.

Following closing arguments and jury instructions, the jury began its deliberations. During deliberations, the jury requested the transcripts of the

prison telephone calls. Neither party objected and the court provided the transcripts to the jury.[2]

The jury returned a verdict finding Appellant guilty of all charges except Strangulation. The court ordered a presentence investigation report and a SORNA evaluation.

On March 1, 2023, the court sentenced Appellant to an aggregate of 82 to 168 months' incarceration followed by three years' probation.[3] Appellant filed a post-sentence motion challenging the weight of the evidence which the court denied.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises the following issues for our review:

1. Did the lower court err by providing a written copy of a confession to the deliberating jury?

2. Did the lower court err by excluding a threatening statement made by the alleged victim against defendant shortly before the incident in question?

Appellant's Br. at 6.

---

[2] *See* N.T., 11/20/22, at 247-48 (where Appellant's counsel states that he agrees to any marked exhibits going to the jury if they asked for them).

[3] Specifically, the court sentenced Appellant to 78 to 156 months' incarceration for Rape and a consecutive term of 3 to 12 months' incarceration for Terroristic Threats. The other convictions merged with Rape for purposes of sentencing.

**C.**

Appellant first argues that the court violated his due process rights and Pa.R.Crim.P. 646(C) by providing a copy of the transcripts of the prison phone calls with his mother to the jury during deliberations because they "contained confessions to multiple crimes[.]" *Id*. at 8.[4] He acknowledges that his counsel did not object to the jury's request, but asserts that "by not applying the law on prohibited materials, the [c]ourt arbitrarily set the stage for the jury's guilty verdicts. This deprived [Appellant] of his right to due process." *Id*. at 10.[5]

We note that ordinarily, "whether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge." *Commonwealth v. Miller*, 172 A.3d 632, 648 (Pa. Super. 2017) (citations omitted). This discretion, however, is not absolute. Pennsylvania Rule of Criminal Procedure 646(C) expressly forbids juries from having certain enumerated categories of exhibits during deliberations, including, relevantly,

---

[4] As noted above, Appellant agreed to the admission of these extrajudicial statements at trial. He is not challenging their admissibility in this appeal.

[5] Appellant also notes, "assuming arguendo," that if this Court "determines that the issue was waived[,] then the issue becomes one of attorney ineffectiveness and still requires a new trial." *Id*. at 11. With limited exceptions, an appellant seeking relief based on the ineffective assistance of trial counsel must raise such claims in a petition timely filed *pro se* or by new counsel pursuant to the Post-Conviction Relief Act. *See Commonwealth v. Bradley*, 261 A.3d 381, 401-02 (Pa. 2021) (reaffirming the long-standing practice of "channeling trial counsel ineffectiveness claims to collateral review."). We decline to address Appellant's ineffective assistance of counsel in this direct appeal.

"a copy of a defendant's written or otherwise recorded confession." Pa.R.Crim.P. 646(C)(2); 234 Pa. Code § 646(C).

However, "the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." *Commonwealth v. Houck*, 102 A.3d 443, 451 (Pa. Super. 2014).

Appellant acknowledges that he did not object to the jury's request when it asked for the transcripts of the prison phone calls, but he nonetheless contends that the court's failure to apply Rule 640(C) resulted in a violation of his right to due process, a right he did not knowingly waive. *See* Appellant's Br. at 10.

Appellant did not raise this constitutional challenge in his Rule 1925(b) Statement and it is, thus, waived. Pa.R.A.P. 1925(b)(4)(ii), (vii).[6] *See also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (reaffirming the bright line rule that any issues not raised in the Rule 1925(b) statement are waived). Further, Appellant did not include this issue in his Statement of the Questions Presented in his brief as required by our briefing rules. *See* Pa.R.A.P. 2116(a) (instructing that "[n]o questions will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

_____

[6] Appellant's Rule 1925(b) statement includes the question "Was it error to allow the jury to have a transcript of a purported confession made by [Appellant]?" Statement, 6/26/23, at ¶ 3.

Finally, as noted above, Appellant failed to preserve his argument regarding Rule 640(C) by not objecting to the jury's request for the transcripts. Accordingly, Appellant waived this issue for review in this direct appeal.

**D.**

Appellant next argues that the court "committed reversible error" when it denied his request to admit Victim's alleged threat, *i.e.*, "I will kill you," made 10-12 hours before the incident underlying the assault and rape charges occurred. Appellant's Br. at 13. He contends that the evidence "was relevant and admissible and should have been admitted for the purpose of context and victim's motivation to fabricate, and for self-defense arguments." *Id*. at 15. Our review of a trial court's evidentiary rulings is well-established. "The admissibility of evidence is a matter solely within the discretion of the trial court. This Court will reverse an evidentiary ruling only where a clear abuse of discretion occurs." *Commonwealth v. Johnson*, 638 A.2d 940, 942 (1994) (citation omitted). "An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Lehman*, 275 A.3d 513, 518–19 (Pa. Super. 2022), *appeal denied,* 286 A.3d 213 (Pa. 2022) (citation omitted). "Moreover, an erroneous ruling by a trial court on an evidentiary issue does not necessitate

relief where the error was harmless beyond a reasonable doubt." *Id.* (citation omitted).

"Only relevant evidence is admissible at trial." ***Commonwealth v. Christine***, 125 A.3d 394, 397 (Pa. 2015), citing Pa.R.E. 402. Evidence is relevant if it tends to make a material fact more or less probable than it would be without the evidence. Pa.R.E. 401. Even if relevant, however, evidence may be excluded "if its probative value is outweighed by … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Here, the trial court found that Victim's threat made hours prior to the incident at issue was inadmissible because "there exists no causal connection between [Victim's] threat and any motive to lie where the threat was made eleven to twelve hours before the incident and concerned alleged violence to [Appellant], not a threat to falsify criminal charges against him" Pa.R.A.P. 1925(a) Opinion, 7/31/23 , at 2.

Aside from quoting Pa.R.E. 401 and 402, Appellant provides no authority to support his argument that the "trial court committed reversible error when it denied his motion *in limine*[.]" Appellant's Br. at 13. Rather, he argues that Victim's statement would "provide context for the larger marital problem and her motivation to fabricate" in order to get the house and custody of the children after Appellant told her he was leaving. *Id*. at 14-15.

Appellant's summary argument does not convince us that the court's exercise of its discretion in denying his motion *in limine* was the result of

"manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Lehman**, 275 A.3d at 518-19. In addition, both Appellant and Victim testified regarding the tumultuous nature of their relationship and the fight that preceded the incident. N.T., 11/29/22, at 4-61 (Victim's testimony); N.T., 11/30/22, at 24-129 (Appellant's testimony). We, thus, conclude Appellant's evidentiary challenge warrants no relief.

**E**.

In conclusion, Appellant did not object to the transcripts of the telephone calls with his mother going to jury and, thus, waived his challenge that is based on Rule 640(C). Further, Appellant waived his due process argument by failing to include it in his Pa.R.A.P. 1925(b) statement and in his brief's Statement of Questions Involved. With respect to his evidentiary challenge, we conclude that the trial court did not abuse its discretion in denying Appellant's motion *in limine*. We, thus, affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date:   7/17/2024