J-S36041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RODNEY LEE POUST :
:
Appellant : No. 154 MDA 2024

Appeal from the Judgment of Sentence Entered December 19, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001399-2022

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: OCTOBER 31, 2024**

Appellant, Rodney Lee Poust, appeals from the judgment of sentence of an aggregate term of 9 to 18 years' incarceration, imposed after he was convicted of various sexual offenses including rape and aggravated indecent assault. On appeal, Appellant challenges the trial court's decisions regarding two pretrial evidentiary motions, as well as the discretionary aspects of his sentence. After careful review, we affirm.

Briefly, Appellant's convictions "stemmed from an incident wherein [he] physically and sexually assaulted his paramour over a period of several hours." Trial Court Opinion (TCO), 4/3/24, at 1 (unnumbered). After a jury trial in August of 2023, Appellant was convicted of aggravated indecent assault by forcible compulsion (18 Pa.C.S. § 3125(a)(2)), strangulation (18 Pa.C.S. § 2718(a)(1)), false imprisonment (18 Pa.C.S. § 2903(a)), rape by forcible

compulsion (18 Pa.C.S. § 3121(a)(1)), indecent assault by forcible compulsion (18 Pa.C.S. § 3126(a)(2)), and simple assault (18 Pa.C.S. § 2701(a)(3)).

On December 19, 2023, the trial court sentenced Appellant to the aggregate term set forth *supra*. He filed a timely motion for reconsideration of his sentence, which the court denied. He then filed a timely notice of appeal. Appellant and the court complied with Pa.R.A.P. 1925. Herein, Appellant states three issues for our review:

> I. Did the trial court err by allowing the Commonwealth to present statements made by the alleged victim during her [Sexual Assault Nurse Examiner (SANE)] examination[,] ruling that this testimony fell within the medical treatment exception to hearsay?
>
> II. Did the trial court err by precluding Appellant from presenting the testimony of Robert Saiers, [a] former paramour of [the] alleged victim, that [the] alleged victim had admitted to making false allegations of [a] sexual nature against him[,] ruling that this testimony falls within the Rape Shield Law and was precluded?
>
> III. Did the trial court abuse its discretion when it imposed an aggregate sentence of 9 to 18 years, when it was one incident?

Appellant's Brief at 7.[1]

Appellant's first two issues challenge the court's admission and exclusion of certain evidence.

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not

---

[1] Appellant does not separate these issues with headings in the Argument section of his brief as required by Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, because our review is not meaningfully impacted by this briefing error, we will overlook it.

reverse the trial court's decision absent a clear abuse of discretion. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Young***, 989 A.2d 920, 924 (Pa. Super. 2010) (citations omitted).

In Appellant's first issue, he argues that the trial court erred by allowing Rachel Clark, the SANE nurse who examined the victim, "to repeat statements made by [the] alleged victim during her sexual assault examination[,]" including the victim's identification of Appellant as the perpetrator. Appellant's Brief at 14. Appellant avers that Ms. Clark's testimony was inadmissible hearsay,[2] and that the trial court erred by admitting it under the medical treatment exception. ***See*** Order and Opinion, 8/9/23, at 4. That exception states:

> **(4) Statement Made for Medical Diagnosis or Treatment.** A statement that:
>
> (A) is made for--and is reasonably pertinent to--medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

---

[2] ***See*** Pa.R.E. 801 (defining "hearsay" as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); Pa.R.E. 802 ("Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute.").

Pa.R.E. 803(4). According to Appellant, the victim's statements to Ms. Clark during the SANE examination "were not made for the purpose of receiving medical care[,]" especially her statement identifying him as her attacker. Appellant's Brief at 15-16 (citing **Commonwealth v. Smith**, 681 A.2d 1288, 1293 (Pa. 1996) (concluding that "the trial court abused its discretion in admitting [a] nurse's testimony which repeated the [victim's] statement as to the identity of [her] alleged abuser pursuant to the medical treatment exception to the hearsay rule")). Appellant contends that the erroneous admission of this hearsay evidence entitles him to a new trial.

We conclude that Appellant's claim is waived for our review. Appellant does not specifically identify what statements by the victim were ostensibly repeated by Ms. Clark, nor does he cite to where in the record this improper testimony was purportedly offered. He also does not cite to where in the record Ms. Clark allegedly repeated statements by the victim identifying Appellant as the perpetrator. We decline to scour the 75 pages of Ms. Clark's testimony to find where she purportedly offered this inadmissible hearsay testimony. Moreover, Appellant does not discuss the facts of the **Smith** case, nor explain why the Court's holding there should be applied to Ms. Clark's testimony. We will not develop this argument for Appellant. Thus, his first issue is waived. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with

references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").[3]

In Appellant's second issue, he contends that the trial court erred by denying his pretrial motion to admit the testimony of Robert Saiers, the victim's "former paramour" who would have testified "that [the victim] made similar allegations against Mr. Saiers and admitted at a … hearing that the allegations were false." Appellant's Brief at 9.[4] The trial court ruled that Mr. Saiers' testimony was inadmissible under the Rape Shield Law, 18 Pa.C.S. § 3104. Appellant insists, however, that the "Rape Shield Law does not prohibit admission of evidence that the victim had been [the] subject of [a]

---

[3] However, even if not waived, Appellant's cursory argument would not convince us that any error in admitting certain portions of Ms. Clark's testimony warrants a new trial. Notably, Ms. Clark's "sexual assault collection paperwork" was admitted into evidence **without objection** by Appellant. N.T. Trial, 8/10/23, at 97. That paperwork contained a recitation of the victim's description of the sexual assault, as well as the victim's statement identifying Appellant as the perpetrator. **See id.** at 105-06; 109-10. Although defense counsel objected to Ms. Clark's **reading the report into the record**, **see id.** at 104, he did not object when the report itself was admitted into evidence, **id.** at 97. Furthermore, the victim testified at Appellant's trial and explained, in great detail, the sexual offenses committed against her by Appellant. **See id.** at 25-45. Therefore, Ms. Clark's testimony detailing what the victim told her during the SANE examination was merely cumulative of the victim's testimony and the documentary evidence that was admitted. Accordingly, we would find that any error in admitting Ms. Clark's testimony was harmless.

[4] Appellant does not explain to what hearing he is referring, but we presume it was a hearing conducted in an unrelated case involving Mr. Saiers.

- 5 -

previous sexual assault[,] as such evidence [does] not reflect upon [the] victim's reputation for chastity." ***Id.*** at 17. In support, Appellant cites ***Commonwealth v. Johnson***, 638 A.2d 940 (Pa. 1994). There, the Court held that,

> [t]he purpose of the Rape Shield Law is to prevent a sexual assault trial from denigrating into an attack upon the victim's reputation for chastity. … Evidence that [the victim] had been subject to a previous sexual assault would not reflect upon [her] reputation for chastity. To be a victim is not "conduct" of the person victimized. It would be illogical to conclude that the Rape Shield Law intended to prohibit this type of testimony.

***Johnson***, ***supra*** at 942 (internal citation omitted). Appellant insists that, under ***Johnson***, the Rape Shield Law did not preclude Mr. Saiers' testimony that the victim made false accusations of sexual assault against him in the past.

No relief is due. Notably, the Rape Shield Law has been amended since the Court's decision in ***Johnson***. Specifically, at the time ***Johnson*** was decided, the law stated:

> **(a) General rule.**--Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104 (effective until Aug. 26, 2019). On August 27, 2019, the current version of the statute became effective, which states:

> **(a) General rule.--**Evidence of specific instances of the alleged victim's past sexual conduct, past sexual victimization,

***allegations of past sexual victimization***, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions of any offense listed in subsection (c) except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104 (effective Aug. 27, 2019 to present; emphasis added). The plain language of the statute clearly bars the testimony that Mr. Saiers would have provided about the victim's allegations of past sexual victimization. Appellant does not acknowledge the amendment to the statute after ***Johnson*** was decided, let alone explain why Mr. Saiers' proposed testimony would not be barred by the current version of the law. Accordingly, he has failed to demonstrate any abuse of discretion in the trial court's determination that the Rape Shield Law barred the proffered testimony of Mr. Saiers.

Lastly, Appellant avers that the trial court abused its discretion by sentencing him to 9 to 18 years' incarceration. Although Appellant acknowledges that the court imposed standard range sentences for each of his offenses, he "contends that the trial court abused its discretion when it ran certain counts consecutive." Appellant's Brief at 21. According to Appellant, his offenses were committed during "one incident" and, therefore, "all counts should have been run concurrent with one another." ***Id.***

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion. However, he has not included a Rule 2119(f) statement in his appellate brief. Nevertheless, we will overlook this error, as the Commonwealth has not objected to this omission,[5] and we can determine

---

[5] As of the filing date of this decision, the Commonwealth has not filed a brief in this case.

from the Argument section of Appellant's brief that a substantial question exists for our review. *See Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) ("If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief.") (citations omitted). Appellant does not raise a bald claim that his consecutive sentences are excessive; instead, he argues that it was unreasonable for the court to impose consecutive sentences where the circumstances of his case — namely, that his offenses were committed during a single episode — warranted concurrent terms of incarceration. We consider this as constituting a substantial question for our review. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (stating "a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question").

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Here, we do not discern any abuse of discretion in the court's decision to impose consecutive sentences. As this Court has explained,

> [l]ong[-]standing precedent … recognizes that the Sentencing Code affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. We will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable. Moreover, it is well-settled that when the trial court has the benefit of a presentence investigation … report, it is presumed that the court was both aware of and appropriately weighed all relevant information contained therein.

***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa. Super. 2021) (cleaned up).

In this case, Appellant's aggregate sentence is not grossly disproportionate to his conduct. In addressing Appellant's challenge to the consecutive nature of his sentence, the trial court stressed that, "although all [the] convictions arose from once incident[,] the acts perpetrated against the victim were particularly egregious and occurred over a period of multiple hours with breaks in between, almost as if they were multiple incidents…." TCO at 4. The court also noted that it considered the victim's statement at sentencing and "Appellant's apparent lack of remorse" in fashioning his sentence. ***Id.*** The court had the benefit of a presentence investigation report, and ultimately imposed standard-range terms for each of Appellant's convictions, running

- 10 -

only one of his sentences consecutively. This record does not indicate any abuse of discretion by the trial court in fashioning Appellant's sentence. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2024